ON MOTION
INZER, Justice:
Appellant, T. A. Tarrants, III, was convicted in the Circuit Court of Lauderdale County for the crime of planting a bomb in violation of Section 2143, Mississippi Code of 1942 Annotated (1956) and he perfected an appeal to this Court. His principal defense in the trial court was that he was insane at the time the offense is alleged to have been committed. After his appeal reached this Court and had been submitted and while under consideration by us, appellant filed a motion requesting that his appeal be dismissed and he also stated that he did not desire to appeal his case. He further stated that his attorneys of record no longer represented him in any matter. After this motion was filed we called upon his counsel of record for a response to the motion. They responded by stating that the record shows that a medical doctor, with special training in the field of psychiatry, testified in the trial court that appellant is both legally and medically insane and that this Court should not consider his motion to dismiss his appeal.
This factual situation is an unusual one and is one of first impression. Under ordinary circumstances, it is elemental that an appellant, if mentally competent, has a right to discharge his attorneys and represent himself in this Court and to have his appeal dismissed if he so desires. However, since the record does reveal that there is a question of whether appellant is mentally competent to represent himself, this factual question should be determined by us before passing on his motion.
*494 Mississippi Supreme Court Rule 37(b) provides as follows:
(b) In the event this Court so directs, the trial court or trial judge in vacation may determine all issues of fact which may arise out of any appeal submitted to the trial court or judge for its or his determination, and which may be necessary for the disposition of cases on appeal to the Supreme Court, in accordance with the authority vested in this Court by Mississippi Code 1942 Annotated section 1960 (1956). Such hearing shall be conducted in the manner set out in subsection (a) above.
We are of the opinion that in accordance with this rule we should direct that the trial judge, as a facility of this Court, conduct a factual hearing in order that we may determine whether appellant is mentally competent to represent himself in this case.
An order will be entered here in accordance with this opinion directing that the trial court conduct a factual hearing on the question of whether appellant is mentally competent to represent himself in this case and whether he is mentally competent to know and understand the effect of his motion to dismiss his appeal. Prior to conducting such hearing the trial judge is directed to enter an order in accordance with Section 2575.5 of Mississippi Code 1942 Annotated (1960) directing that appellant submit to a mental examination by the medical staff at Mississippi State Hospital at Whitfield. The trial judge is further authorized and directed to issue any other and further orders necessary to accomplish such examination. The order shall also require that the hospital make a written report to him of its findings.
After the results of the mental examination is received, the trial judge will hear such testimony as he may deem necessary and proper and make such recommendations to this Court as he may desire. Such recommendations together with a transcript of the evidence will be forwarded to this Court as soon as possible for our decision on the question presented. Pending this proceeding all matters involved in this appeal will be held in abeyance.
All Justices concur.