508 So.2d 1126 (1987)
Edward Earl JOHNSON
v.
STATE of Mississippi.
No. DP-16.
Supreme Court of Mississippi.
June 3, 1987.
Barry H. Powell, Thomas, Price, Alston, Jones & Davis, R. Jess Brown, Kenneth J. Rose, Sweet & Rose, Jackson, Robert B. McDuff, Washington, D.C., Clive A. Stafford Smith, Atlanta, Ga., for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Marvin L. White, Jr., Asst. Atty. Gen., Jackson, for appellee.
Before En Banc.
DAN M. LEE, Justice, for the Court:
Edward Earl Johnson was indicted, tried, and convicted of capital murder in the shooting death of J.T. Trest. Trest, the Town Marshall of Walnut Grove, was killed on June 2, 1979.
Sometime in the early morning hours of June 2, an intruder entered the home of Miss Sally Franklin, an elderly resident of Walnut Grove. A struggle ensued between the stranger and Miss Franklin, which was loud enough to wake a boarder *1127 in her home. The boarder called some neighbors to report the incident. At about the same time, another neighbor awoke to the sound of gun shots. This neighbor called the police.
After checking on Miss Franklin's condition, two of the neighbors found J.T. Trest about fifteen yards from the Franklin home, lying in front of his patrol car. An autopsy performed on Trest indicated that he had been shot first with a .25-caliber pistol found at the scene. Trest's .357 Magnum was missing, and one of Trest's wounds appeared to have been caused by a gun of similar caliber.
Johnson was questioned twice in connection with the crime  the second time after it was discovered that he had been seen with a.25-caliber pistol the week before the incident. After the second arrest, Johnson agreed to take a polygraph test; however, before taking it, he gave an oral, taped confession and a subsequent signed statement in which he admitted shooting Trest and told officers where Trest's gun could be found. Johnson was ultimately found guilty of capital murder and sentenced to death.
Johnson's conviction and sentence were affirmed by this Court on direct appeal, Johnson v. State, 416 So.2d 383 (Miss. 1982), and on error coram nobis, Johnson v. Thigpen, 449 So.2d 1207 (Miss. 1984). The district court denied his petition for a writ of habeas corpus, Johnson v. Thigpen, 623 F. Supp. 1121 (S.D.Miss. 1985), and the court of appeals affirmed that decision, Johnson v. Thigpen, 806 F.2d 1243 (5th Cir.1986), cert. den. ___ U.S. ___, 107 S.Ct. 1618, 94 L.Ed.2d 802 (1987). As a result, Johnson's execution was set for May 20, 1987. On May 13, 1987, Johnson filed a Motion for Stay of Execution and a Motion for Post-Conviction Relief. These motions were denied by this Court on May 18, 1987. Having entered an Order denying those motions on Monday, May 18, 1987, we hereby adopt the body of that Order as the opinion of this Court, as follows:

1. IS JOHNSON CURRENTLY INCOMPETENT?
Johnson's first point alleges present insanity as a bar to his execution on grounds of cruel and unusual punishment. The point is predicated on the affidavits of a clinical psychologist and a psychiatrist. Having examined these affidavits, we find that Johnson has "failed to establish to a reasonable probability that he is presently insane." Billiott v. State, 478 So.2d 1043, 1045 (Miss. 1985) cert. denied, Billiott v. Mississippi, 469 U.S. 1230, 105 S.Ct. 1232, 84 L.Ed.2d 369 (1985). Accordingly, we find that he falls short of the evidentiary showing required of a proponent of this claim. See Miss. Code Ann. § 99-19-57(2)(b) (Supp. 1986); Ford v. Wainwright, 447 U.S. ___, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986). (Although we overruled Johnson's Motion to Strike Counter-Affidavits, we do not find it necessary to consider them because he failed to make out a prima facie case of present insanity by his affidavits.) We hold, therefore, that Point 1 is without merit.

2. WAS JOHNSON'S CONFESSION TAKEN IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL?
This attack on the admissibility of Johnson's confession has not been raised in any of his previous state court pleadings nor has he shown sufficient legal "cause" to excuse his failure to timely raise the claim. Accordingly, this claim is procedurally barred. Evans v. State, 485 So.2d 276, 282 (Miss.) cert. denied Evans v. Mississippi, ___ U.S. ___, 106 S.Ct. 2908, 90 L.Ed.2d 994 (1986); Irving v. State, 498 So.2d 305, 308 (Miss. 1986). See also Murray v. Carrier, ___ U.S. ___, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Alternatively, were we to address the merits of this claim, it is apparent from the record and our opinion on direct appeal that Johnson was not arrested pursuant to a warrant. Johnson v. State, 416 So.2d 383, 385-6 (Miss. 1982).

3. DID THE TRIAL COURT EXCLUDE MITIGATING AND REBUTTAL EVIDENCE IN VIOLATION OF SKIPPER V. SOUTH CAROLINA?
This point is also raised for the first time in this particular context. Absent a *1128 showing of "cause" under Miss. Code Ann. § 99-39-21, a showing conspicuously absent from his Petition, this claim is procedurally barred under Evans and Irving. Moreover, we note that the facts of this claim were challenged in a somewhat different fashion on direct appeal to this Court. Therefore, the point is barred by our state rule prohibiting the successive litigation of facts reconstituted into a claim differing in form from that originally raised and resolved. Gilliard v. State, 446 So.2d 590 (Miss. 1984).

4. DID THE ACTIONS OF THE PROSECUTION AND THE TRIAL JUDGE FATALLY REDUCE THE JURY'S SENSE OF RESPONSIBILITY IN VIOLATION OF CALDWELL V. MISSISSIPPI?
Johnson alleges that comments of the trial judge and the district attorney diminished the jury's sense of sentencing responsibility and were constitutionally impermissible. That claim has not been heretofore presented to this Court despite the litigation on direct appeal of issues arising during the closing arguments (the source of the now complained-of comments). We note an insufficient showing of "cause" to excuse the failure to raise this issue at the appropriate time in prior state proceedings, and, thus, this claim is procedurally barred. Miss. Code Ann. § 99-39-21, supra; Irving; Evans.

5. DID THE INSTRUCTIONS AT THE PENALTY PHASE UNCONSTITUTIONALLY SHIFT THE BURDEN OF PROOF IN VIOLATION OF FRANCIS V. FRANKLIN?
Johnson here suggests that he was unfairly saddled with a burden of proof in the sentencing phase of his trial, via the judge's granting of Instruction S-7. We note that this instruction remained unchallenged throughout the trial, direct appeal, and Petitioner's previous Petition for Writ of Error Coram Nobis, rendering applicable a rule of procedural forfeiture, in the event the Petitioner fails to establish "cause" under the appropriate statute. Even if we assume for the sake of argument that Francis v. Franklin, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985) offers an excuse of "new law," it is inapplicable to this case, since we further find that there was no illicit burden-shifting instruction given in this case. Under both Francis and a long line of state cases, see e.g., Roberts v. State, 458 So.2d 719 (Miss. 1984); Billiot v. State, 454 So.2d 445 (Miss. 1984), charges to the jury are examined as a whole to assess whether a jury was fairly and fully instructed on the law. When such examination is performed on the instruction at issue in this case, it is clear that the jury was unequivocally and properly advised on the unwavering burden of proof shouldered by the state prerequisite to the jury's consideration of the death penalty. Specifically, Instruction S-12, read together with S-7, sets forth a complete statement of the law, the jury's understanding of which is borne out in their verdict finding the existence of two aggravating circumstances. In sum, S-7 in no way effectively shifted the burden within the meaning afforded that term in Franklin.

6. WAS THE MISSISSIPPI CAPITAL STATUTE IN FORCE AT THE TIME OF JOHNSON'S TRIAL FACIALLY UNCONSTITUTIONAL?
This issue has never before been raised by Johnson and is barred by Miss. Code Ann. § 99-39-21, supra, Evans, and Irving. Alternatively, the record reflects no unconstitutional restriction on the scope of mitigating evidence adduced by the defense at trial.

7. WAS JOHNSON DENIED THE EFFECTIVE ASSISTANCE OF HIS COUNSEL IN VIOLATION OF THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND ARTICLE 3, SECTIONS 14, 26 AND 28 OF THE MISSISSIPPI CONSTITUTION?
This point consists of several allegations that Johnson's counsel was ineffective, with numerous individual claims. We *1129 need not specifically address each point, for we find the overall issue of ineffective assistance of counsel to be procedurally barred and directly controlled by our holding in Evans. Therein, we barred an identical claim made in a second post-conviction proceeding, such as this one, where Evans failed to show cause for his failure to raise the claim in his first post-conviction action. We hold here that Johnson waived the issue of effective assistance of trial counsel when he declined to assert the point in his error coram nobis pleading, in 1984. Furthermore, he has not evidenced sufficient cause to excuse this waiver, since records reflect that trial counsel exited state court proceedings at the conclusion of the direct appeal and did not participate in the presentation of the error coram nobis pleading. In sum, the claim of ineffective assistance is not procedurally viable.

8. DID THE PROSECUTION FAIL TO REVEAL THAT ONE JUROR HAD A SUBSTANTIAL REASON TO FAVOR THE PROSECUTION, AND DID IT FAIL TO CORRECT A JUROR'S KNOWN PERJURY ON VOIR DIRE?
Johnson here asserts for the first time an allegation of a biased juror, a fact described as newly-discovered. Counsel's failure to substantiate any reason why this claim could not have been discovered and raised in earlier stages of this appeal leads us to bar this claim. Miss. Code Ann. § 99-39-21, supra, Evans, Irving.

9. WAS DISCRIMINATION EVIDENT IN THE PROSECUTION OF JOHNSON'S CASE, REQUIRING THAT HIS DEATH SENTENCE BE VACATED AS VIOLATIVE OF THE EIGHTH AND FOURTEENTH AMENDMENTS?
This point asserts purposeful racial discrimination under McCleskey v. Kemp, ___ U.S. ___, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987). We note that this claim, considered and rejected by the Fifth Circuit Court of Appeals, Johnson v. Thigpen, 806 F.2d 1243 (5th Cir.1986), has never been raised before this Court. Consequently, the claim is barred, absent a showing of cause. Petitioner's attempt to circumvent this rule of forfeiture by characterizing McCleskey as new law fails, since the very basis of the portion of this new ruling claimed applicable to Johnson, i.e., that purposeful discrimination in a given case may vitiate a conviction and sentence, may be traced back to Bordenkircher v. Hayes, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). We hold the issue of discriminatory application of the death penalty, in light of McCleskey to be barred.

10. DOES THE IMPOSITION OF THE DEATH SENTENCE UPON A PERSON TOO YOUNG TO SIT ON A MISSISSIPPI JURY VIOLATE THE EIGHTH AMENDMENT PROSCRIPTION AGAINST CRUEL AND UNUSUAL PUNISHMENT?
This is a two-pronged argument concerning the exclusion from jury service of those under 21 years of age and the constitutionality of a death sentence imposed on one who was 18 years of age at the time of the crime. It has never been raised before in this case and is barred. Moreover, had the points been timely raised, they would remain unpersuasive on the merits, as both have been summarily denied in prior cases. Leatherwood v. State, 435 So.2d 645, 653 (Miss. 1983) cert. denied, Leatherwood v. Mississippi, 465 U.S. 1084, 104 S.Ct. 1455, 79 L.Ed.2d 772 (1984); Mhoon v. State, 464 So.2d 77, 83 (Miss. 1985) (reversed on other grounds); Cannaday v. State, 455 So.2d 713, 725 (Miss. 1984) (reversed on other grounds), cert. denied, Cannaday v. Mississippi, 495 U.S. 1221, 105 S.Ct. 1209, 84 L.Ed.2d 351 (1985).
Having considered and denied the points raised in Johnson's motions for stay of execution and post-conviction relief, we find no merit in them, and, therefore, find no grounds for the granting of a stay of the execution date set by this Court.
PETITIONER'S MOTION FOR POST-CONVICTION RELIEF AND STAY OF EXECUTION DENIED.
*1130 WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
PRATHER, J., dissents.
ROBERTSON, J., not participating.
PRATHER, Justice, dissenting:
Although I acknowledge and defend the interest of society in achieving finality in the seemingly endless series of criminal appeals, I cannot sanction such finality at the irredeemable cost of an individual's fundamental rights or in this case, at the expense of his life. Because I believe Edward Earl Johnson has raised issues deserving an evidentiary hearing, I respectfully dissent from the majority's denial of a stay of execution. Specifically, I would grant Johnson's motion for post-conviction relief and remand this matter to the Circuit Court of Leake County for a hearing to determine whether he received legally effective counsel prior to and during his trial for capital murder.
The procedural history of this case is well set forth in the majority's opinion describing six separate instances of judicial review of the death sentence levied on Johnson in 1981. This Court has twice reviewed this case but this does not diminish our duty to now carefully scrutinize the claims raised in this petition to determine whether there is a "substantial showing of the denial of a state or federal right" suggesting that this Court remand for an evidentiary hearing in accordance with state law. Miss. Code Ann. § 99-39-27(5), (7)(b) Cum.Supp. 1986). Indeed, where issues of fact or law suggest the need for further inquiry, this Court is bound to insure that the death penalty is legally required.

I.
Of the ten claims addressed by the majority, nine are resolved, not on merit, but on procedural forfeiture rules. Of these, I express most sincere reservation about one issue  the assertion that Johnson's lawyer may have rendered assistance below the standard required by both the federal and state constitutions.
The claim of ineffective assistance is dismissed by the majority on the assumption that Johnson's failure to raise the claim during his first state post-conviction proceeding in 1984 bars consideration of the claim in this proceeding. Johnson explained that the presence of trial counsel throughout the first post-conviction proceeding thwarted his ability to zealously challenge trial representation. This fact, established through the affidavit of one of Johnson's post-conviction attorneys, is countered by the state's assertion and the majority's finding that trial counsel's name did not appear of record during the first post-conviction filings. Thus, the majority denies primary review of a claim never reviewed by any previous court on the assumption that because trial counsel's name did not appear on the pleadings that he was not a de facto advocate throughout the appeal process. Certainly there exists some confusion about who was representing Johnson and when. Evidence of this confusion is found in the filing of a motion before this Court to clarify that issue on the same date as this Court's order denying a stay. This lack of clarity leads me to doubt the wisdom and fairness of any procedural rule which sanctions the execution of a person who may never have had a meaningful opportunity to test his Sixth Amendment rights.
Further, Johnson has asserted facts concerning the alleged plea advice of his attorneys which, if true, cast serious aspersions on the quality of the representation he received. If, as Johnson claims, his attorneys erroneously informed him prior to trial that a life sentence offered by the prosecution as a plea bargain carried with it no parole eligibility at any point during its service, such advice was clearly erroneous, see Hill v. State, 388 So.2d 143, 146 (Miss. 1980), and constitutes an actionable error as defined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and our own cases Waldrop v. State, 506 So.2d 273 (Miss. 1987), Irving v. State, 498 So.2d 305 (Miss. 1986), Dufour v. State, 483 So.2d 307 (Miss. 1985). A nineteen year old unschooled in the criminal *1131 justice system would likely (as Johnson claims) decline such a plea in favor of a trial. The prejudice inherent in such advice is obvious. Had Johnson accepted the plea, he would be seven years into service of a life sentence and nearing an initial parole eligibility date rather than the gas chamber. The State having yet presented no facts to counter those asserted in the affidavits presented by Johnson, I conclude that Johnson has made a prima facie showing sufficient to require an evidentiary hearing. This conclusion is more strongly suggested by our prior handling of virtually identical factual claims. But for the majority's use of the procedural bar in this case, Johnson would no doubt be entitled to the same relief we afforded in Leatherwood v. State, 473 So.2d 964 (Miss. 1985). Given the indefinite status of Johnson's representation in 1984 and the preemptive effect that representation has on the present posture of this claim, I would remand for an evidentiary hearing to determine (1) whether Johnson's post-conviction counsel intentionally bypassed raising the ineffective assistance of counsel claim in 1984 and (2) if not, whether trial counsel rendered constitutionally mandated assistance in advising Johnson during any alleged plea negotiations.

II.
In addition to my dissent from the majority's handling of the effective assistance of counsel claim detailed above, I note that this defendant was eighteen years of age at the time this crime was committed. There is conflict of opinion on the issue of execution of those who have not yet passed from childhood to adulthood as represented by the United States Supreme Court's assumption of the issue for hearing during its next term. Thompson v. Oklahoma, cert. granted, ___ U.S. ___, 107 S.Ct. 1284, 94 L.Ed.2d 143 (1987). The likelihood that this issue will be resolved within a year convinces me that the better course is to stay the present execution pending consideration by the United States Supreme Court of this issue.
In sum, while I assume my responsibility to uphold the laws of this State regarding capital punishment, I cannot escape the concomitant duty to diligently inquire into the allegations raised by Edward Earl Johnson at this juncture of his appeal. Such inquiry convinces me that there exist issues of fact and law sufficient to delay the present execution until such time as these points are developed assuring that Johnson was afforded his constitutional rights prior to and during his trial. For these reasons, I dissent from the judgment by the majority.