# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 92-KA-00601-SCT

*HOWARD MONTEVILLE NEAL*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/21/92 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | LAWRENCE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES WILLIAM CRAIG |
| | JAMES L. SULTAN |
| | CHARLES R. BLISS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLENE R. PIERCE |
| | MARVIN L. WHITE, JR. |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | AFFIRMED - 8/8/96 |
| MOTION FOR REHEARING FILED: | 8/30/96 |
| MANDATE ISSUED: | 11/21/96 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

¶1. Howard Monteville Neal was convicted of the capital murder of Amanda Joy Neal on February 4, 1982, and on that same day, given a sentence of death. The conviction and sentence were affirmed by this Court in *Neal v. State,* 451 So.2d 743 (Miss. 1984)**,** *cert. denied, **Neal v. Mississippi,*** 469 U.S. 1098 (1984). Neal sought post-conviction review of his conviction and sentence, and in *Neal v. State,* 525 So.2d 1279 (Miss. 1987), this Court remanded the case to the Circuit Court of Lawrence County for an evidentiary hearing on Neal's claim that he was denied the right to testify in his own behalf at trial. On March 30, 1992, the trial court conducted an evidentiary hearing and found that Neal had not been denied the right to testify in his own behalf. It is from this decision that Neal now appeals, asserting the following errors:

**1. THE SUBMISSION TO THE SENTENCING JURY OF THE "ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL" AGGRAVATING CIRCUMSTANCE**

**REQUIRES THAT THE DEATH SENTENCE IN THIS CASE BE VACATED.**

**2. THE TRIAL COURT ERRED IN DENYING PETITIONER A HEARING TO DETERMINE HIS COMPETENCY TO PARTICIPATE IN THE EVIDENTIARY HEARING ORDERED BY THIS COURT.**

**3. THE CIRCUIT JUDGE ERRED IN FAILING TO RECUSE HIMSELF FROM THIS CASE.**

**4. THE CIRCUIT COURT ERRED IN EXCLUDING THE TESTIMONY OF THE PETITIONER'S EXPERT.**

**5. THE CIRCUIT COURT USED AN ERRONEOUS LEGAL STANDARD IN DENYING RELIEF.**

## STATEMENT OF THE FACTS

¶2. An evidentiary hearing was held on March 30, 1992, some ten years after trial, to determine whether Neal was denied the right the testify in his own behalf during his capital murder trial at which he was sentenced to death. Several motions were filed by the State, as well as by Neal and ruled on by the trial court.

¶3. The State filed a motion for summary judgment and a renewed motion for summary judgment which were denied by the trial judge. At the hearing, Neal's counsel renewed several motions previously ruled on by the trial judge. Neal filed a motion for recusal which Judge Prichard denied. Neal argued that if available they would call the judge as a witness. The motion was denied, but the trial judge did allow a deposition which he had given earlier to be placed into evidence. Neal's counsel also renewed a motion for a separate competency hearing to determine Neal's competency to proceed with the evidentiary hearing. The trial court had denied the original motion which sought to have a jury impaneled to determine Neal's competence. The trial court again denied the motion stating:

> it would take a psychologist or psychiatrist to say there has been some change of mental ability and competency since the trial to date. And that has never been done. It is still the same grounds that were alleged to have been present at the time of trial. The Supreme Court has in their opinion satisfied themselves that he was at that time competent even though it was admitted he is mentally retarded.[1]

> The Court finds no new evidence of new psychiatric and/or psychological problems which have evolved since the date of the conviction to the date of today.

¶4. After the trial judge ruled on these motions they proceeded with the hearing. All the witnesses also gave depositions before the hearing which were entered into evidence although they were not read into the record. After listening to all the testimony and examining the evidence, the trial court denied Neal's motion for post-conviction collateral relief saying he had not met his burden of proof.

## DISCUSSION

**1. WHETHER THE SUBMISSION TO THE SENTENCING JURY OF THE "ESPECIALLY HEINOUS, ATROCIOUS, OR CRUEL" AGGRAVATING CIRCUMSTANCE REQUIRES THAT THE DEATH SENTENCE IN THIS CASE BE VACATED.**

¶5. First, Neal argues that the especially heinous, atrocious, or cruel aggravating circumstance instruction given to the jury requires his sentence of death to be reversed and a new sentencing hearing held because of the U.S. Supreme Court's decisions in *Maynard v. Cartwright,* 486 U.S. 356 (1988), and *Clemons v. Mississippi,* 494 U.S. 738 (1990).

¶6. This is an appeal from an evidentiary hearing; therefore, this issue is not properly before this Court and will not be discussed. **See** *Walton v. State,* 666 So.2d 752, 753 (Miss. 1995); *Billiot v. State,* 655 So.2d 1, 17 (Miss. 1995), *cert. denied*, ___ U.S. ___, 116 S.Ct. 818 (1996); *Culberson v. State,* 456 So.2d 697 (Miss. 1984).

**2. WHETHER THE TRIAL COURT ERRED IN DENYING PETITIONER A HEARING TO DETERMINE HIS COMPETENCY TO PARTICIPATE IN THE EVIDENTIARY HEARING ORDERED BY THIS COURT.**

¶7. Neal contends that the trial court erred in not granting him a hearing to determine his competence to participate in the evidentiary hearing. When this Court remanded this case for an evidentiary hearing, Neal filed a motion requesting a competency hearing. The trial court denied the motion, finding it did not have jurisdiction over the matter. This Court originally denied a request by Neal for an interlocutory review of this issue. Neal then filed with this Court a Supplemental Application for Leave to File Motion to Vacate Judgment and Death Sentence. In denying this application this Court held:

> Furthermore, the jurisdiction of the Circuit Court of Lawrence County in this cause extends to the issue of Neal's present competence *vel non*, and that court may entertain such a claim at any stage of the proceedings, and *may conduct an evidentiary hearing in response to a claim that Neal is presently incompetent to proceed if satisfied that such a hearing is warranted under the applicable facts and legal standards.*

*Neal v. State,* No. 03-DP-0036 (Miss., July 11, 1990) (unpublished order) (emphasis added). Subsequently, Neal again filed with the lower court a motion for hearing on competency to proceed. The Circuit Court again denied the motion in an order stating in part:

> After having considered the holding of the Mississippi Supreme Court in this matter and the reports received from the experts that have examined petitioner, the Court finds that no hearing is warranted under the factual circumstances and legal standards applicable in such cases.

Neal renewed the motion at the evidentiary hearing. The trial court allowed into evidence the Third Supplemental Affidavit of June Kaufman, Ph.D., but once again denied the motion stating in part:

> [T]he Court does agree with Mr. White's assessment that it would take a psychologist or psychiatrist to say there has been some change of mental ability and competency since the trial to date. And that has never been done. It is still the same grounds that were alleged to have

been present at the time of trial. The Supreme Court has in their opinion satisfied themselves that he was at that time competent even though it was admitted he is mentally retarded. The Court finds no new evidence of new psychiatric and/or psychological problems which have evolved since the date of the conviction to the date of today.

So those motions be and the same are hereby overruled.

¶8. Neal correctly argues that a defendant must be competent at all stages of the criminal process, "whether trial, *Gammage v. State,* 510 So.2d 802 (Miss. 1987); appeal, *Tarrants v. State,* 231 So.2d 493 (Miss. 1970); post-conviction, *Rumbaugh v. Procunier,* 753 F.2d 395 (5th Cir. 1985); or at the point of execution, *Billiot v. State,* 478 So.2d 1043 (Miss. 1985), *cert. denied*, 475 U.S. 1098 (1986).

¶9. In his brief, Neal cites authority concerning when a hearing should be held on a defendant's competency to stand trial. *See Emanuel v. State,* 412 So.2d 1187, 1188 (Miss. 1982). He also points out the test to be used to determine if a defendant is competent to stand trial. *See Dusky v. United States,* 362 U.S. 402 (1960); *Gammage v. State,* 510 So.2d 802 (Miss. 1987); *Jaquith v. Beckwith,* 248 Miss. 491, 157 So.2d 403 (1963). Neal goes on to cite numerous other authority as to a defendant's right to a hearing on his competence to stand trial. However, he gives no authority concerning a petitioner's right to a competency hearing at a later stage in the criminal process when that person was given a pre-trial competency hearing and found competent to stand trial. That is the situation that concerns us here.

¶10. Neal was given a competency hearing prior to his murder trials and found competent to stand trial despite his mental retardation. In both his direct appeal and his application for post-conviction relief before this Court, Neal attempted to put on proof of his lack of mental capacity. This Court held,

> The problem with these charges is that they are substantially redundant or cumulative when compared with the evidence Neal offered at trial. Specifically, Neal now wants to present evidence of his lack of mental capacity, a fact said to go to the voluntariness of his confession and to be in mitigation of sentence. But he went into these same matters at trial . . . . Because it is cumulative, what Neal alleges and purports to show now that counsel should have developed and proved simply does not amount to a substantial showing of denial of a state or federal right. Miss. Code Ann. §99-39-27(5).

*Neal v. State,* 525 So.2d 1279, 1282-83 (Miss. 1987).

¶11. The situation here is similar to that in *Billiot v. State,* 478 So.2d 1043 (Miss. 1985) *cert. den.* 469 U.S. 1230, 105 S.Ct. 1232, 84 L.Ed.2d 369 (1985). There Billiot claimed he was presently insane and therefore could not be executed. Miss. Code Ann. §99-19-57(2)(b) (Supp. 1995), states:

> For the purposes of this subsection, a person shall be deemed insane if the court finds the convict does not have sufficient intelligence to understand the nature of the proceedings against him, what he was tried for, the purpose of his punishment, the impending fate which awaits him, and a sufficient understanding to know any fact which might exist which would make his punishment unjust or unlawful and the intelligence requisite to convey such information to his

attorney or the court.

¶12. Billiot's claim lacked merit because he failed to show supervening present insanity as required under Miss. Code Ann. §99-19-57(2)(a). All Billiot's evidence went to show that his mental condition existed prior to trial. He did not even argue that his mental condition developed after his trial. This Court held,

> It follows in these circumstances that the action of the trial court in determining that Billiot was sane and competent is also res judicata as to the issue of his present sanity, as the matter is raised in this petition. These issues were thoroughly litigated at trial and upon direct appeal and may not be litigated again by way of post conviction writ.

*Billiot,* 478 So.2d at 1045. *See* Miss. Code Ann. §99-39-21(2)(3) (Supp. 1993); *See also* **Mitchell v. State,** 179 Miss. 814, 176 So. 743 (1937); **Johnson v. State,** 508 So.2d 1126 (Miss. 1987); **Johnson v. Cabana,** 818 F.2d 333, 340 (5th Cir. 1987), **cert. denied**, 481 U.S. 1061 (1987).

¶13. Neal makes no assertion that there has been any change in his mental condition since the trial in this case. In fact, the evidence presented shows that he had been diagnosed as mentally retarded as early as age eleven when he was admitted to the Ellisville State School. Neal was found competent at a pre-trial competency hearing, and he has offered no evidence that his condition has changed in any way since that time. This issue is therefore without merit.

### 3. WHETHER THE CIRCUIT JUDGE ERRED IN FAILING TO RECUSE HIMSELF FROM THIS CASE.

¶14. Neal requested on several separate occasions that the trial judge recuse himself from presiding over the evidentiary hearing in this case. The trial judge denied the motion to recuse himself in each instance, but allowed his deposition into evidence to preserve the record. The trial judge stated that he had reviewed the deposition of the witnesses and

> the Court has no independent recollection that differs in any wise, shape, form, or fashion with what they have asserted, and the Court has nothing before it to show that the Movant herein has any disagreement with any of the recollections of those parties. And the Court is open for any factual proof to the contrary, and the Court assumes that what Mr. Neal may be complaining of may not even have anything to do with the time period that the depositions and my recollection go to, and may be entirely different.

¶15. Neal argues that Judge Prichard had personal knowledge of evidentiary facts which went to proving one of the central aspects of Petitioner's claim, that given his mental retardation and the circumstances surrounding his attempt to assert his rights, any waiver of his right to testify or address the jury was not knowing, intelligent, or voluntary. The issue before the court during the evidentiary hearing was whether Neal was denied the right to testify on his own behalf during the trial for the murder of Amanda Joy Neal.

¶16. It is undisputed that it was brought to the attention of the trial court that Neal wanted to take the witness stand. There was a conference held between Judge Prichard, Neal and the attorneys for both sides. During this conference, Judge Prichard agreed to allow Neal to testify, but requested that

he confer further with his attorneys. Judge Prichard was not present during the meeting between Neal and his attorneys. After conferring privately with Neal, his attorneys informed the Court that Neal had decided not to testify.

¶17. There was some conflicting testimony regarding the circumstances surrounding Neal's decision not to testify. All the witnesses agreed that the conference concerning Neal's desire to testify occurred. Everyone except Joe Dale Walker remembered it occurring during the first trial. With the exception of John Clay, everyone remembered Neal wanted to address the jury for the purpose of requesting the death penalty. No one remembered how long the conference between Neal and his attorneys lasted, but all agreed that it was not a long conference. There was no dispute that Judge Prichard was willing to let Neal testify after he conferred with his attorneys. Everyone agreed that Judge Prichard was not present during the meeting between Neal and his attorneys after which the court was informed Neal had changed his mind.

¶18. This Court addressed the issue of recusal in *Collins v. Joshi,* 611 So.2d 898 (Miss. 1992). There it was held:

> The standard by which the Court determines if a judge should have disqualified him or herself, is an objective standard under Canon 3. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." *Rutland v. Pridgen,* 493 So.2d 952, 954 (Miss. 1986); *Jenkins,* 570 So.2d at 1192; *Collins,* 543 So.2d at 166. The presumption is " that a judge, sworn to administer impartial justice, is qualified and unbiased. To overcome the presumption, the evidence must produce a 'reasonable doubt' (about the validity of the presumption)[.]" *Turner v. State,* 573 So.2d 657, 678 (Miss. 1990). When a judge is not disqualified under the constitutional or statutory provisions, "the propriety of his or her sitting is a question to be decided by the judge and is subject to review only in case of manifest abuse of discretion." *Buchanan v. Buchanan*, 587 So.2d 892 (Miss. 1991); *Turner,* 573 So.2d at 677; *Ruffin v. State,* 481 So.2d 312 at 317 (1985)(quoting *McLendon v. State,* 187 Miss. 247, 191 So. 821, 823 (1939)).
>
> Under the appropriate standard, the judge is presumed qualified and unbiased. This presumption may only be overcome by evidence showing beyond a reasonable doubt that the judge was biased or not qualified. If a reasonable person, knowing all the circumstances, would doubt the judge's impartiality, the judge is required to recuse him or herself from the case.

*Collins,* 611 So.2d at 901. *See* Code of Judicial Conduct, Canon 3(C)(1)(a).

¶19. Neal cites *Collins v. Dixie Transport, Inc.,* 543 So.2d 160 (Miss. 1990), wherein this Court held that the trial judge erred in not recusing himself from the case. That case differs from the case *sub judice*. In *Collins v. Dixie Transport,* "the trial judge was in the room during the critical settlement conference." Throughout the hearing the trial judge "felt compelled to testify." "He went so far as to request the court clerk to swear him in so he could be questioned, but the attorneys balked at that." In reversing the case, this Court held:

> On the record before us, the trial judge was both a witness to and adjudicator of fact issues with respect to which he was obliged to have played but one role. As those matters went to what was central -- the credibility of Curtis Lee Collins and his sons, we may but reverse the order

enforcing settlement.

543 So.2d at 167.

¶20. Here, Judge Prichard was not present during the critical conference between Neal and his attorneys. His only personal knowledge was concerning the events that led up to that meeting between client and counsel. Regardless of what Neal would have us believe, those events do not concern us here. It is undisputed that it was brought to the trial court's attention that Neal wanted to testify. However, Judge Prichard had no personal knowledge concerning whether or not Neal's attorneys refused, against his will, to allow him to testify. It is that issue that was the subject of the evidentiary hearing.

¶21. Neal argues that the events leading up to the time when Neal's attorneys informed the court that he had decided not to testify go to show that Neal did not make a voluntary, knowing and intentional waiver of that right. **See** *Hollenbeck v. Estelle,* 672 F.2d 451, 453 (5th Cir. 1982). This is just another attempt to put the matter of Neal's competence into issue. The issue of Neal's competence to stand trial was decided at a pre-trial hearing and the finding has previously been affirmed by this Court.

¶22. Judge Prichard had no personal knowledge concerning the issue before the court during the evidentiary hearing. Neal has not offered evidence to produce a reasonable doubt as to the trial judge's impartiality. From the facts presented it cannot be said that there was a manifest abuse of the trial court's discretion in failing to recuse himself from the evidentiary hearing.

### 4. WHETHER THE CIRCUIT COURT ERRED IN EXCLUDING THE TESTIMONY OF THE PETITIONER'S EXPERT.

¶23. Neal contends that the trial court's refusal to allow Dr. Kaufman to testify was reversible error. He argues she was an expert and would have offered relevant testimony, and therefore, excluding that testimony was a violation of Miss.R.Evid. 702. *See* **Hall v. Hilbun,** 466 So.2d 856, 874 (Miss. 1985); **Hardy v. Brantley,** 471 So.2d 358, 365-69 (Miss. 1985). *See also,* **Hecklar v. State,** 503 So.2d 269 (Miss. 1987); **Hooten v. State,** 492 So.2d 948 (Miss. 1986); **Henry v. State,** 484 So.2d 1012 (Miss. 1986).

¶24. This entire argument hinges on the contention that due to his mental capacity, Neal did not make a knowing and voluntary waiver of his right to testify. Again this goes to his competence. The trial court refused to allow Dr. Kaufman's testimony, stating that this same matter was gone into at trial and the evidence presented at the hearing was cumulative and did not "amount to a substantial showing of denial of the State or Federal right." The trial court held:

Now, the Court finds from this proffer that this would go to Neal's entire competence and could not be extracted for the sole purpose of whether or not he understood his right to testify or whether or not he was, quote, denied the right to testify because he did not have the competence to make that decision. The one point that I think is totally being missed here, that even if the Court admitted this testimony, the opinion of the Supreme Court on Page 11 and the prior filings in this court state that Neal claims that he was denied the right to take the witness stand to testify in his own behalf. And obviously because he would have mitigated the sentence

that was ultimately imposed on him by the jury. And the Court finds that had Mr. Neal been allowed to testify to what is now before the court, and that is, that he wanted to go and ask the jury to give him the death penalty, the result would have been no change in results in that the jury did exactly that what Mr. Neal, from the proof before this court, was seeking to want to testify to.

This court finds that usually to obtain relief the Movant in a trial such as this, as reiterated on Page 7 of the Supreme Court (sic), is that Neal has the burden to show a reasonable probability that the result of his trial would have been different. And this court finds that from this point on this witness, without any further bases (sic) or any other incidences (sic) that could be utilized to show that he was denied the right to testify to some facts or facet of the case that would have produced a different result, that this is not a matter that would actually be complained of by the Movant.

So for this reason the relevancy of the testimony, the fact that it has already been ruled on by the Mississippi State Supreme Court, and the fact that it encompasses Mr. Neal's entire competency throughout the entire trial, all of this again is just a rehashing of the same matters that have been before the Supreme Court and ruled upon by the members of the Supreme Court, and not assigned to this court for hearing. So for all these reasons the testimony of this witness will not be allowed, and the objection to her testimony is sustained.

¶25. Dr. Kaufman's testimony was being offered to showed that because of Neal's mental retardation, he could not make a knowing, intelligent or voluntary waiver of his right to testify. Again this goes to his overall competence to stand trial and cannot be separated to encompass only the issue before us now. Neal was found competent to stand trial and all the evidence presented was merely cumulative. This issue is res judicata under Miss. Code Ann. §99-39-21(3) (Supp. 1993). "Rephrasing direct appeal issues for post-conviction purposes will not defeat the procedural bar of res judicata." *Lockett v. State,* 614 So.2d 888, 893 (Miss. 1992), *cert. denied*, 510 U.S. 1040 (1994); *Irving v. State,* 498 So.2d 305 (Miss. 1986), *cert. denied*, 481 U.S. 1042 (1987); *Gilliard v. State,* 446 So.2d 590 (Miss. 1984). This issue is without merit.

### 5. WHETHER THE CIRCUIT COURT USED AN ERRONEOUS LEGAL STANDARD IN DENYING RELIEF.

¶26. Neal contends that the trial court erroneously applied a harmless error analysis in denying him post-conviction relief. The Uniform Post-Conviction Collateral Relief Act, Miss Code Ann §99-39-23(7) (Supp. 1995), states:

No relief shall be granted under this chapter unless the prisoner proves by a preponderance of the evidence that he is entitled to such.

*See* **Moore v. State,** 587 So.2d 1193, 1196 (Miss. 1991); **Schmitt v. State,** 560 So.2d 148, 151 (Miss. 1990); **McCLendon v. State,** 539 So.2d 1375 (Miss. 1989). If the trial court applied the wrong legal standard in coming to its decision, this Court will not hesitate to reverse and will give no deference to the findings of the trial court. **Schmitt,** 560 So.2d at 151; **McLendon,** 539 So.2d at 1377; **Detroit Marine Engineering v. McRee,** 510 So.2d 462, 467 (Miss. 1987); **Bell v. City of Bay St. Louis,** 467 So.2d 657, 661 (Miss. 1985).

¶27. The trial court in making its ruling stated that Neal as the Movant had the burden of proof. After examining the depositions and listening to the testimony including that proffered by Dr. Kaufman, the court found as a matter of fact:

> One: That there has been no change in the mental retardation of the Movant since the commission of the crime and the trial held thereon.

> Two: That there has been no change as to the competency of the Movant either in a psychiatric vein or in a psychological vein or as to mental retardation. That the Court finds that there is absolutely no proof that the Defendant is in anywise in any changed condition today that he was in February of 1982 during the trial or in 1981 during the commission of the crime.

> Three: That taking all of the testimony before the Court, there is absolutely no proof that the Defendant was ever denied the right to testify. That the only difference in the testimony before the Court as to when a certain request occurred and whether or not it was during the first trial or the second trial, I believe Mr. Walker was the only one who thought it was during the second trial, and I believe everyone agreed it was during the sentencing phase, and I believe everyone agreed that the thing that was to be testified to was that Mr. Neal wanted to ask the jury to give him the death penalty, a fact the Court finds that the jury saw fit to do without Mr. Neal being required to make that request.

> The next finding of fact the Court makes is that from all of the testimony it is undisputed that had the Defendant decided to go forward with his testimony, the testimony that he allegedly desired to give would have been totally detrimental to the Defendant's case and certainly under no stretch of the imagination would have resulted in a positive result to the Defendant. And the Court finds that there is absolutely no reasonable probability that the result of his trial would have been any different than the result that was obtained.

> From the foregoing findings of fact the Court concludes as a matter of law that the Plaintiff or Movant in this Post-Conviction Collateral Relief Act has wholly failed to meet his burden of proof and to have this Court grant the relief sought. That this Court finds that the motion should be by this court denied; and it is therefore ordered and adjudged that all relief sought by the Movant herein be and the same is hereby denied and the Motion for Post-Conviction Collateral Relief is hereby overruled.

¶28. The trial court did make a finding of fact that if Neal had been denied the right to testify under the circumstances it would have been harmless error. However, this does not prove that he used "harmless error" as the legal standard in reaching his decision to deny relief. The trial court made several findings of fact before giving its final decision. Although he did not specifically state what Neal's burden of proof was, the trial judge stated that there was "absolutely no proof that the Defendant was denied the right to testify." He went on to hold that as a matter of law Neal failed to meet his burden of proof under the Post-Conviction Collateral Relief Act.

¶29. The trial court was correct in stating that Neal did not meet his burden of proof of showing by a preponderance of the evidence that he was denied the right to testify. Neal did not testify at the evidentiary hearing nor did he offer any evidence other than Dr. Kaufman's proffered testimony to show he did not voluntarily waive the right to testify. Both Joe Dale Walker and John Clay testified

that any decision not to testify was ultimately made by Neal. Neal's sole argument lies in his attempt to once again bring his competence into issue. This issue is without merit.

## CONCLUSION

¶30. Finding that the issue concerning the use of the heinous, atrocious, and cruel aggravating circumstance at Neal's capital murder trial is not properly before the Court on this appeal from an evidentiary hearing, we do not address that issue. We find all other issues presented by Neal to be without merit, and therefore, we affirm the lower court's decision denying Neal's motion for post-conviction relief.

¶31. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**

1. **See** *Neal v. State,* 451 So.2d 743, 751-56 (Miss. 1984); *Neal v. State,* 525 So.2d 1279, 1282-83 (Miss. 1987).