# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00447-SCT

*JOSEPH DANIEL BURNS a/k/a "JO JO" BURNS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/19/2003 |
| TRIAL JUDGE: | HON. FRANK A. RUSSELL |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL ADELMAN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:   JUDY T. MARTIN |
| | MARVIN L. WHITE, JR. |
| NATURE OF THE CASE: | CIVIL - DEATH PENALTY - POST CONVICTION |
| DISPOSITION: | AFFIRMED - 06/24/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

**STATEMENT OF THE CASE**

¶1.    Joseph Daniel Burns's ("Burns") conviction of capital murder and death sentence were affirmed on direct appeal, ***Burns v. State***, 729 So.2d 203 (Miss. 1998), and certiorari was denied by the Supreme Court, ***Burns v. Mississippi***, 527 U.S. 1041, 119 S.Ct. 2406, 144 L.Ed.2d 804 (1999), *reh'g denied*, ***Burns v. Mississippi***, 527 U.S. 1059, 120 S.Ct. 26, 144 L.Ed.2d 830 (1999) (hereinafter "***Burns I***"). He timely filed a petition for post-conviction relief (PCR), and counsel was appointed per this Court's order.

¶2.     Finding that Burns made a sufficient showing of ineffective assistance of counsel during the sentencing phase, this Court granted in part the motion for leave to file a petition for PCR and ordered that Burns be allowed to pursue this claim before the Lee County Circuit Court. *Burns v. State*, 813 So.2d 668, 681-82 (2001) (hereinafter "*Burns II*"). Specifically, the circuit court was to consider the failure to call, during sentencing, several witnesses who were willing to testify.

¶3.     After recusals, this Court appointed the Honorable Frank Russell, a former judge and the judge who presided over Burns's original trial, as special judge. Prior to the hearing, Burns filed a Motion to Proceed *Ex Parte* on Application for Funds for Expert Psychologist, which was denied. Following an evidentiary hearing the motion for post-conviction relief, the motion was denied resulting in this appeal. Burns raises the following issues:

I.      **WHETHER THE TRIAL COURT ERRED IN DENYING BURNS'S MOTION TO PROCEED *EX PARTE* ON APPLICATION FOR EXPERT PSYCHOLOGIST.**

II.     **WHETHER THE TRIAL COURT ERRED IN DENYING PCR.**

## FACTS

¶4.     Because the facts regarding Burns's crime do not affect the instant appeal, they are not reproduced here. The Court previously provided a detailed account of those facts in both the opinions addressing Burns's crimes. *See Burns II*, 813 So.2d at 670-72; *Burns I*, 729 So.2d at 208-11.

¶5.     During the sentencing phase, Burns presented no witnesses or evidence to sustain an argument for mitigation. The transcript from this phase indicates that it was Burns's decision not to call any witnesses, introduce any evidence or testify on his behalf. The trial court

2

questioned Burns outside the presence of the jury and he acknowledged that he understood he had the right to testify and the right to call witnesses. *See Burns II*, 813 So.2d at 678.

¶6.     In granting a post-conviction evidentiary review, this Court stated:

> Under the totality of the circumstances here, the Court finds that this issue should be presented to the trial court for a full hearing. Burns has made a sufficient allegation of ineffective assistance of counsel in the failure to put on any mitigating evidence when several witnesses were willing to testify for Burns at the sentencing phase. Although it is entirely possible that the decision not to present any mitigation witnesses was defensible as trial strategy, *absent explanatory testimony*, the Court finds that leave to file a motion for post-conviction relief should be granted on this claim.

*Burns II*, 813 So.2d at 679 (emphasis added).

## DISCUSSION

### I.     WHETHER THE TRIAL COURT ERRED IN DENYING BURNS'S MOTION TO PROCEED *EX PARTE* ON APPLICATION FOR FUNDS FOR EXPERT PSYCHOLOGIST.

¶7.     The order denying the motion was based on the trial court's finding that it lacked jurisdiction, i.e. outside the scope of remand, the matter was res judicata and, in the alternative, that Burns failed to demonstrate any need for such an expert. We find that this issue is without merit.

¶8.     First, we find that Burns's motion for a psychologist expert was outside the scope on remand. This Court's holding in *Burns II* plainly limited leave to file a petition for post-conviction relief in the circuit court on the issue of ineffective assistance of counsel during the sentencing phase. *Burns*, 813 So.2d at 681-82. Nevertheless, Burns cites Miss. Code Ann. § 99-39-17 (1), which provides in part:

3

> If the motion is not dismissed summarily, the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the motion.

Accordingly, Burns argues, the trial court could have granted the motion and erred in holding that it lacked jurisdiction. The State failed to addressed § 99-39-17 in its brief.

¶9. This Court has held on several occasions that the only issues properly considered are those issues for which the case was initially remanded. *See Culberson v. State*, 456 So.2d 697, 698 (Miss. 1984) ("Under this Court's order granting permission to file the Petition for Writ of Error Coram Nobis, the court at that time fully considered all reasons for requesting the petition and found that only one question could or should be considered by the trial court under the petition."). *See also Neal v. State*, 687 So.2d 1180, 1182 (Miss. 1996) ("This is an appeal from an evidentiary hearing [on the denial of the right to testify]; therefore, this issue [of jury instructions] is not properly before this Court and will not be discussed."); *Billiot v. State*, 655 So.2d 1, 17 (Miss. 1995) (Because "this case was remanded for the *limited* reason of determining present insanity," the Court barred the issue regarding the constitutionality of the statute addressing insane, condemned prisoners).

¶10. Burns attempts to distinguish the holdings from *Culberson*, *Neal* and *Billiot* by arguing that in this instance, the need for an expert is directly related on remand. Burns contends that he needed an expert psychologist to assist both defense counsel and the trial court in determining the meaning of the affidavits and testimony regarding his social and psychological history, and that such an expert would show the scope of mitigating evidence that should have been developed and how trial counsel was ineffective by failing to develop a mitigating case.

¶11. Burns fails to address specifically what testimony or history that would require an expert on psychology to interpret. Likewise, Burns provides no authority to support his position that an expert on psychology was required to prove a claim for ineffective assistance of counsel.

¶12. According to Miss. Code Ann. § 99-39-17, it was within the trial court's discretion whether to grant such a motion. Notwithstanding, considering in full the order denying the motion, it is clear that the trial court concluded that an expert in psychology would not assist in determining whether counsel was ineffective. Thus, the trial court believed the request to be both beyond the scope of review and unnecessary.

¶13. Second, we find that this issue is also barred as res judicata. This Court has considered this issue on two previous occasions. On direct appeal, this Court found that the trial court properly denied Burns's request for a psychological expert. *Burns I*, 729 So.2d at 224. Later, in *Burns II*, this Court ruled that trial counsel was not ineffective in handling the request for a psychological expert. *Burns II*, 813 So.2d at 676 ("Burns still has not shown any reliable measure that his psychiatric condition then or now required attention or that the outcome of his trial was in any way affected. As the Court found in the direct appeal, there is still no indication that Burns suffers from any psychological condition."). Despite Burns's efforts to present this issue in a new context, we find that on several occasions the Court has considered the need for a psychological expert and declined to find such a need. This issue is without merit.

## II. WHETHER THE TRIAL COURT FAILED TO GRANT POST-CONVICTION RELIEF.

5

¶14. The standard of review after an evidentiary hearing in post-conviction relief cases is well-settled: "We will not set aside such finding unless it is clearly erroneous. Put otherwise, we will not vacate such a finding unless, although there is evidence to support it, we are on the entire evidence left with the definite and firm conviction that a mistake has been made." *Meeks v. State*, 781 So.2d 109, 111 (Miss. 2001). "When reviewing an ineffective assistance of counsel claim, we will not set aside the finding of the lower court unless it is clearly erroneous." *State v. Pittman*, 744 So.2d 781, 786 (Miss. 1999).

¶15. Pursuant to Miss Code Ann. § 99-39-23(7), the prisoner must prove by a preponderance of the evidence that he is entitled to relief. Burns contends that considering the affidavits submitted and the testimony presented, he proved by a preponderance of the evidence that trial counsel's performance was deficient and that he was prejudiced by the deficient performance. Thus, he submits that he satisfied the two prong standard for finding ineffective assistance of counsel as set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 864 (1984).

¶16. The State counters arguing that trial counsel's performance was not deficient and, even assuming arguendo that it was, Burns has demonstrated no resulting prejudice. We find that this issue is without merit.

¶17. Several witnesses testified on behalf of Burns during the review. Robin Filgo, a former employer, testified that if called as a witness during the sentencing phase he would have told the jury that Burns was an excellent, skilled worker and ask that the jury spare his life. Next, Jean Henry, Burns's mother, provided testimony regarding his childhood and personal background. She discussed how Burns was only seven when she divorced his

6

father and that to provide for the family she had to work both days and nights leaving Burns's older sister responsible for much of his care. She further testified that Burns has two daughters and that his two brother are deceased. She attributed Burns's crimes to her failures as a mother and pleaded that he be spared from execution. Both Henry and Dalana Green (Green), Burns's sister, testified that they had little contact with trial counsel and were not informed that they could testify during the sentencing phase. Green attributed Burns's criminal acts to his drug problem with methamphetamine.

¶18. Brandy Horn, a former girlfriend and mother of one of his daughters, testified that she asked not to be involved in the original trial and likely would have fled to avoid subpoena. She stated that she would like Burns to maintain his relationship with his daughter and that she would be available for potential resentencing proceedings. Horn further testified that Phillip Hale, Burns's accomplice, served most often as the leader between him and Burns.[1]

¶19. In addition to the testimony, the trial court had before it affidavits by three jurors from the original trial. They avowed that no information was presented during sentencing and that had such been presented, they would have considered any personal information presented prior to sentencing him to death.

¶20. The sole witness on behalf of the State was Mel Ellis III (Ellis), lead trial counsel. He testified that it was Burns's decision not to call any witness during sentencing and that he acted accordingly. He admitted that he had limited contact with Henry and Green. He was unable to locate his case file for the trial court to consider. Ellis testified that he

---

[1]Hale did not receive the death penalty.

believed that if no witnesses were called, Burns likely would be sentenced to death. He testified that he informed Burns of this belief and that during sentencing, and a record was made before the trial court that it was Burns's decision not to call any witnesses or present evidence of mitigation.

¶21. In rebuttal, Will Bristow, who served as defense co-counsel during trial, testified that he deferred to Ellis for all decisions regarding trial strategy.

¶22. In his brief, Burns makes much of the fact that in the record made before the trial court did not reflect that Ellis informed Burns of the likely consequences if he failed to present mitigation evidence during sentencing. The record made of the examination by the trial court only confirmed that it was Burns's decision not to call any witnesses or present any evidence regarding mitigation. Burns's argument presents the question of whether counsel was ineffective for failing to advise his client that the decision not to present any evidence of mitigation during sentencing likely will result in his being sentenced to death. Supporting his position that such a failure does render counsel ineffective, Burns cites on *Silva v. Woodford*, 279 F.3d 825 (9th Cir. 2002). In the instant case, Ellis testified that because Burns was advised of such fact.

¶23. In *Silva*, the Ninth Circuit held, inter alia, that counsel's decision to forgo further investigation into mitigating evidence in a capital case was unreasonable and therefore deficient under *Strickland* even though counsel had been directed by his client not to contact family members in investigating his background. *Silva*, 279 F.3d at 839-40. The court stated that "a lawyer who abandons investigation into mitigating evidence in a capital case at the direction of his client must at least have adequately informed his client of the potential

8

consequences of that decision and must be assured that his client has made [an] 'informed and knowing' judgment." *Id*. at 838.

¶24.   In addition to the fact that *Silva* is not controlling authority, *Silva* is factually distinguishable from the instant matter.   In *Silva*, the court found that counsel was not instructed to completely forgo all inquiry into Silva's.   Instead, Silva simply instructed counsel not to call his parents as witnesses.   Thus, the court held, Silva's instruction did not excuse counsel's failure to investigate Silva's background and failure to present the "raft of potentially compelling mitigating evidence."[2]   *Id*. at 839-40. Likewise, counsel in *Silva* failed to hire an investigator despite the availability of funds to do so.   *Id*. at 829.   In the instant appeal, the record indicates that Burns instructed counsel not to present any witnesses or evidence during sentencing. Moreover, unlike *Silva*, Burns's trial counsel hired an investigator to assist in preparing its case.

¶25.   Furthermore, Ellis' testimony is uncontroverted that he counseled Burns on the likely result from his decision not to present any evidence in mitigation.   Burns relies on the fact that Ellis is unable to locate his trial notes and the fact that his discussion with the judge did not address that without mitigation evidence he would likely receive the death penalty. Nevertheless, such facts are insufficient to rebut Ellis' testimony.   Thus, unlike *Silva* where the Ninth Circuit doubted whether the defendant made an informed and knowing judgment,

---

[2] In *Silva*, the Court found that there was evidence of substantial and compelling mitigating evidence related to his childhood, mental illnesses, organic brain disorders, substance abuse, suicide attempt, prior psychiatric evaluations, and a federal resentencing report. *Id*. at 838-39 & 847.

there is uncontroverted evidence that Burns was counseled on the consequences of his decision.

¶26. Burns also relies on **Wiggins v. Smith**, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), where the United States Supreme Court found that the defendant received ineffective assistance of counsel after counsel failed to investigate and present mitigating evidence of his background, including physical and sexual abuse committed by his mother, foster parents, and Job Corps supervisor, as well as evidence of mental retardation. *See Wiggins*, 123 S.Ct. at 2541-43. Wiggins's trial counsel failed to make this investigation even though the State made funds available for this purpose.

¶27. Notwithstanding, the distinction that the facts involved in the instant appeal fail to rise to the level of those discussed in **Wiggins**, **Wiggins** is not applicable. The United States Supreme Court relied on the severity and the strength of the substantial mitigating evidence that counsel failed to discover and present. *See id*. Burns fails to point out any evidence suggesting severe circumstances similar to those considered in **Wiggins**, let alone possible sexual abuse or diminished mental capacities.

¶28. The case most on point is **Dowthitt v. Johnson**, 230 F.3d 733 (5th Cir. 2000). Relying on findings from state habeas proceedings, the Fifth Circuit held that trial counsel's failure to present mitigation evidence via family members during the sentencing phase of capital murder trial was not deficient where defendant did not want any of his family testifying on his behalf and counsel's investigation was hindered by uncooperative potential witnesses. *Id*. at 748. "Counsel will not be deemed ineffective for following their client's wishes, so long as the client made an informed decision." *Id*. (citing **Autry v. McKaskle**, 727 F.2d 358,

361 (5th Cir. 1984) ("By no measure can ... [the defendant] block his lawyer's efforts and later claim the resulting performance was constitutionally deficient.")).

¶29.    Of additional relevance to the instant appeal, the Court in ***Dowthitt*** noted that trial counsel's actions were reasonable trial strategy because their efforts to investigate Dowthitt's background were thwarted by uncooperative potential witnesses. ***Id***. at 749.  Thus, applying the decision from ***Dowthitt***, the performance of Burns's trial counsel was reasonable considering both that he acted according to Burns's instructions and that his efforts to investigate potential mitigation evidence were thwarted by uncooperative witnesses. *See* ***Clark v. Johnson***, 227 F.3d 273, 284 (5th Cir. 2000) (Counsel's assistance was not deficient where counsel, at the direction of his client, failed to present any available mitigating evidence during the sentencing phase of capital murder trial.).

¶30.    Though the record demonstrates that trial counsel's performance was not deficient according to the first prong of ***Strickland***, the Burns is also unable to prove that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different.  *See* ***Mohr v. State***, 584 So.2d 426, 430 (Miss. 1991).

¶31.    In ***Williams v. Cain***, 125 F.3d 269 (5th Cir. 1997), the state court found that the defendant was not prejudiced by counsel's failure to present the testimony of family and friends regarding the defendant's troubled family history. ***Id***. at 279-80.  Such evidence would have opened the door for cross-examination regarding the defendant's substance abuse, expulsion from school and discharge from his job. ***Id***. at 279.  Likewise, it would have had little mitigating effect against the evidence of the murder at issue in that case.

11

¶32. The Court finds that on review much of Burns's argument centered on the mitigation evidence that counsel should have presented during sentencing. Summarized, the evidence and testimony presented during the evidentiary hearing regarding potential mitigation included: 1) Burns was a skilled electrician; 2)he was seven when his parents were divorced and subsequently his mother had to work during the day and night to support the family; 3) his older sister was responsible for much of his care; 4) his two brothers are deceased; 5) he has two daughters; 6) his accomplice may have been the leader; and 7) that his criminal problems stemmed from his drug use. Considering this, Burns to failed prove there was a reasonable probability that the outcome would have been different. *See Lamb v. Johnson*, 179 F.3d 352, 360 (5th Cir. 1999) (*"Similarly, Lamb cannot show that his proposed mitigating evidence of a non-violent history and troubled family life raises more than a mere possibility of a different outcome, and not the required "reasonable probability."*).

¶33. Of course had they testified, the State would have been allowed to rebut all mitigation evidence through cross-examination, introduction of rebuttal evidence or by argument. *Turner v. State*, 732 So.2d 937, 950 (Miss. 1999); *Bell v. State*, 725 So.2d 836, 863 (Miss. 1998); *Davis v. State*, 684 So.2d 643, 655 (Miss. 1996).

¶34. Moreover, as for the affidavits executed by the jurors, they swear to the fact that they would have considered any mitigating evidence that would have been presented. We find that this simply demonstrates that these jurors would have followed their instructions and confirms the presumption that jurors follow instructions given by the trial court. *Williams v. State*, 684 So.2d 1208, 1209 (Miss. 1996).

¶35. The trial court did not err in denying post-conviction relief.

## CONCLUSION

¶36.   For the above reasons, the trial court's denial of the Petition for Post-Conviction

Relief is affirmed.

¶37.   **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**