OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant contends that the Trial Judge in this case
 
 *953
 
 should have recused himself from ruling on the validity of a search warrant he issued while sitting as a Town Court Justice, and that the Judge’s failure to recuse constituted reversible error. We disagree. Nothing in Judiciary Law § 14 compels such recusal. The decision is a matter of individual conscience for the court
 
 (see, People v Moreno,
 
 70 NY2d 403, 405;
 
 see also, People v Liberatore,
 
 79 NY2d 208, 217 [a Judge may entertain a motion to suppress evidence seized pursuant to an eavesdropping warrant he or she has issued];
 
 People v Tambe,
 
 71 NY2d 492, 506 [a Judge issuing a search or eavesdropping warrant may entertain a motion to suppress evidence seized pursuant to it]). We additionally reject defendant’s argument that a rule prohibiting Judges from entertaining motions to suppress evidence seized pursuant to the warrants they have issued is necessary to protect the integrity of trials. "There is no basis to conclude that [Judges who review their own search warrants] fail to give suppression motions anything less than fair and impartial consideration and further review is available by the Appellate Division which possesses the same power in such matters as does the suppression court”
 
 (People v Tambe, supra,
 
 at 506).
 

 In addition, the trial court properly denied defendant’s motion to suppress evidence seized pursuant to the search warrant. The application for the search warrant contained a detailed signed statement by a codefendant, Charles Burkett, which was itself sufficient to establish probable cause. Both the basis of Burkett’s information and his reliability could be inferred from the statement because Burkett made the statement based on his own observations and involvement with the crime, against his own penal interests, and with the express understanding that making a false written statement was a crime
 
 (see, People v Johnson,
 
 66 NY2d 398, 403-404;
 
 People v Comforto,
 
 62 NY2d 725;
 
 People v Hanlon,
 
 36 NY2d 549). Moreover, there is no evidence in the record to support defendant’s present claim that Burkett’s statement was the product of a search conducted the day before the statement was given. Thus, we need not address the legality of that search.
 

 We have examined defendant’s other claims and find them to be unpreserved, without merit, or beyond the review power of this Court.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.