741 So.2d 938 (1999)
Willie Ray WALLACE, Appellant,
v.
STATE of Mississippi, Appellees.
No. 97-KA-01518-COA
Court of Appeals of Mississippi.
February 23, 1999.
*939 George T. Holmes, Jackson, Attorney for Appellant.
Office of the Attorney General By Dewitt T. Allred, III, Attorney for Appellee.
BEFORE THOMAS, P.J., LEE, AND SOUTHWICK, JJ.
THOMAS, P.J., for the Court:
¶ 1. Willie Ray Wallace appeals his conviction of cocaine possession, raising the following issues as error:
I. THE TRIAL COURT JUDGE ERRED IN NOT RECUSING HIMSELF BECAUSE HE SIGNED THE SEARCH WARRANT IN THE CASE.
II. THE VERDICT IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
III. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On August 2, 1996, Alvaline Baggett, a detective with the Jackson/Hinds Drug Enforcement Unit, obtained a search warrant from Judge Chester A. Henley for the premises at 1718 Gibraltar Drive. Baggett had obtained information from a confidential informant about drug activity at the residence. Upon entering the residence, Baggett and two other detectives discovered Willie Ray Wallace and another subject trying to stuff cocaine down the toilet. After both subjects were secured and taken from the bathroom, a search of the bathroom was conducted which resulted *940 in the recovery of three packages of cocaine.
¶ 4. Wallace was searched and a motel key found in his sock. A third subject, also arrested in the house, advised Baggett that Wallace and another man were from Texas and were residing in the Econo Lodge inside the city limits of Jackson. Baggett and the other detectives went to the Econo Lodge and were told that two rooms were registered to Wallace, rooms 218 and 220. The key found on Wallace at the time of his arrest was to room 220. Upon entering room 218, the officers discovered it was occupied by Arlo Arseno. Room 220 was not occupied. Both rooms were then secured by the officers so a search warrant could be obtained.
¶ 5. Baggett made a fact sheet concerning the underlying circumstances of the case and presented it to Judge Henley, who then authorized warrants to search rooms 218 and 220. The search of room 218 turned up a residual amount of marijuana and cocaine. The search of room 220 turned up cocaine, U.S. currency, about twenty measuring cups, razor blades, baking soda, scales, and other drug paraphernalia which led to the conclusion that the room was being used as a setup lab for cooking powdered cocaine into crack cocaine.
¶ 6. Wallace was charged in a three-count indictment for Count 1 manufacture of cocaine, Count 2 possession of cocaine with intent to distribute, and Count 3 conspiracy to sell cocaine. Wallace testified on his own behalf at trial. He stated he was from Houston, Texas and was asked by Joe Smith to take a trip with him out of town. Wallace stated that Arseno came along on this trip but that he did not know him. Wallace further stated that Smith paid for everything on the trip including the motel rooms. According to Wallace, Smith claimed he did not have an ID to rent a room so he asked Wallace to place the room in his name. Wallace stated he signed and registered for only room 218 and not room 220. Wallace produced the motel receipts which showed he signed for room 218 but not 220, which had been signed by Arseno. Wallace testified he never even went into room 220. Wallace claimed Arseno rented room 220 for Smith and an unknown female. Additionally, Wallace stated that he was in possession of the key for room 220 but only because Smith had asked him to hold it. After deliberations, the jury found Wallace guilty in Count 2 of the lesser-included-offense of possession of cocaine and acquitted him as to Counts 1 and 3.

ANALYSIS

I.

THE TRIAL COURT JUDGE ERRED IN NOT RECUSING HIMSELF BECAUSE HE SIGNED THE SEARCH WARRANT IN THE CASE.
¶ 7. Trial of this matter was held before Judge Henley who authorized the search warrants for 1718 Gibraltar Drive and rooms 218 and 220 of the Econo Lodge. Prior to trial, Wallace moved that Judge Henley recuse himself. Judge Henley recused himself from the suppression hearing dealing with the search warrants but did not recuse himself from the trial. Judge Henley testified at the suppression hearing that he had no recollection of signing the search warrants in this case or the facts of the case. Judge Henley further testified that he could be fair and impartial at the trial on the merits. Wallace argues that a reasonable person would have doubts as to Judge Henley's impartiality, and therefore, his failure to recuse himself entitles Wallace to a new trial.
¶ 8. Wallace's basic contention under this assignment is that it is improper for a judge who issued a warrant to preside at the trial in the same case because as issuer of the warrant the judge has acquired personal knowledge of disputed facts. Wallace bases his argument on a reading *941 of Canon 3C(1) of the Code of Judicial Conduct, which reads as follows:
C. Disqualification.
(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:
(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
. . . .
(d) he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
(iv) is to the judge's knowledge likely to be a material witness in the proceeding;
¶ 9. Wallace also cites two Mississippi cases, namely Banana v. State, 638 So.2d 1329, 1330 (Miss.1994) and Jenkins v. State, 570 So.2d 1191, 1192 (Miss.1990), for the proposition that where a reasonable person harbors doubt about a judge's impartiality the judge should recuse himself even where the judge fails to remember the facts and circumstances of the case. However, both of these cases deal with judges who had previously been involved, as a district attorney and prosecuting attorney, respectively, in the prosecution of the case against the defendant. These cases are distinguishable as Judge Henley was acting not in a prosecutorial capacity but in a judicial capacity when he issued the search warrants.
¶ 10. Our supreme court delineated the general rules regarding questions of disqualifications under Canon 3 in Neal v. State, 687 So.2d 1180, 1185 (Miss.1996) (citations omitted). Our supreme court held:
The standard by which the Court determines if a judge should have disqualified him or herself, is an objective standard under Canon 3. "A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality." Rutland v. Pridgen, 493 So.2d 952, 954 (Miss.1986); Jenkins, 570 So.2d at 1192; [Collins v. Dixie Transport, Inc., 543 So.2d 160, 166 (Miss.1989)]. The presumption is "that a judge, sworn to administer impartial justice, is qualified and unbiased. To overcome the presumption, the evidence must produce a `reasonable doubt' (about the validity of the presumption)[.]" Turner v. State, 573 So.2d 657, 678 (Miss.1990). When a judge is not disqualified under the constitutional or statutory provisions, "the propriety of his or her sitting is a question to be decided by the judge and is subject to review only in case of manifest abuse of discretion." Buchanan v. Buchanan, 587 So.2d 892[, 895] (Miss. 1991); Turner, 573 So.2d at 677; Ruffin v. State, 481 So.2d [312, 317 (Miss.1985)] (quoting McLendon v. State, 187 Miss. 247, 191 So. 821, 823 (1939)).
Under the appropriate standard, the judge is presumed qualified and unbiased. This presumption may only be overcome by evidence showing beyond a reasonable doubt that the judge was biased or not qualified. If a reasonable person, knowing all the circumstances, would doubt the judge's impartiality, the judge is required to recuse him or herself from the case.
Neal, 687 So.2d at 1185.
¶ 11. Wallace has not alleged any bias or prejudice on the part of Judge Henley nor have we discovered any from examination of the record. Nevertheless, Wallace contends that a reasonable person would harbor doubts as to Judge Henley's impartiality, and therefore, he should have recused himself. The question of whether a judge is automatically disqualified from hearing a case simply because he learned some of the facts and circumstances of the case by signing a search warrant has never specifically been addressed by our supreme court. However, a review of other jurisdictions has turned up considerable authority that recusal is not required.
*942 ¶ 12. In Stokes v. State, 853 S.W.2d 227, 242 (Tex.App.1993) (citations omitted), the court noted that it has been held in numerous Texas cases "that the mere fact that a judge authorized arrest and search warrants involved in a case is not a barrier to that judge presiding over the trial of that case on its merits." In Bussell v. Commonwealth, 882 S.W.2d 111, 112 (Ky.1994) (citations omitted), the court found to be without merit appellant's claim that the trial judge should have recused himself because he had ruled on an ex parte request for a search warrant, holding that "[r]ecusal is appropriate only when the information is obtained from an extrajudicial source." Finally, in People v. McCann, 85 N.Y.2d 951, 626 N.Y.S.2d 1006, 650 N.E.2d 853, 854 (1995), the court held that it was not necessary for a judge who issued a warrant to recuse himself even from ruling on the motion to suppress evidence seized pursuant to that warrant. See also People v. DeJesus, 38 Cal.App.4th 1, 15-16, 44 Cal.Rptr.2d 796 (1995).
¶ 13. In a case such as we have before us where the trial judge issued the warrants in the case, recused himself from the suppression hearing, testified in the suppression hearing that he had no recollection of the facts of the case, and no prejudice or bias has been alleged or discovered from review of the record, we see no reason why the judge should not be able to sit for the case. Wallace has failed to overcome the presumption that Judge Henley was qualified and unbiased. We hold that Judge Henley did not abuse his discretion in not recusing himself from the trial of this case.

II.

THE VERDICT IS CONTRARY TO THE WEIGHT OF THE EVIDENCE.
¶ 14. At the close of the State's case Wallace moved for a directed verdict on all counts. Wallace's motion for a directed verdict challenges the sufficiency of the evidence supporting a guilty verdict. Butler v. State, 544 So.2d 816, 819 (Miss. 1989). Wallace argues that there was no testimony or evidence which linked him to room 220, which was the apparent reason was the jury found him "not guilty" of conspiracy to sell and manufacture cocaine. Furthermore, Wallace contends that the proof is lacking that he possessed, knew about, or controlled in any manner any of the residual amount of drugs found in room 218. When the legal sufficiency of the evidence is challenged, we will not retry the facts but must take the view of the evidence most favorable to the State and must assume that the fact-finder believed the State's witnesses and disbelieved any contradictory evidence. McClain v. State, 625 So.2d 774, 778 (Miss. 1993); Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). On review, we accept as true all evidence favorable to the State, and the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin, 607 So.2d at 1201 (citations omitted). We will reverse such a ruling only where "reasonable and fairminded jurors could only find the accused not guilty." McClain, 625 So.2d at 778 (citing Wetz v. State, 503 So.2d 803, 808 (Miss.1987); Harveston v. State, 493 So.2d 365, 370 (Miss.1986); Fisher v. State, 481 So.2d 203, 212 (Miss. 1985)).
¶ 15. On appeal Wallace simply challenges the evidence linking him to rooms 218 and 220. However, Wallace does not even attempt to attack the evidence which links him to the drugs found at 1718 Gibraltar Drive. Detective Baggett testified that on entering 1718 Gibraltar Drive she observed Wallace and another subject "trying to stuff cocaine down the commode." She further testified that upon a search of the bathroom three wet packages of cocaine that had been removed from the commode were found in the linen closet. Detective Wallace Jones testified that he kicked in the door of the bathroom and saw Wallace with his hand in the commode. Jones also testified to finding three plastic bags of cocaine in the *943 linen cabinet. Although there was no direct testimony that the substance Wallace was trying to flush down the commode was cocaine, the clear inference was that it was in fact cocaine. Cocaine was found in the bathroom, Wallace was aware that the police were there to execute a search warrant as they clearly made their intention known, and common sense would dictate that Wallace was attempting to destroy evidence. There was sufficient evidence supporting the verdict.
¶ 16. The trial court also denied Wallace's motion for a new trial. A motion for a new trial tests the weight of the evidence rather than its sufficiency. Butler v. State, 544 So.2d 816, 819 (Miss.1989). The Mississippi Supreme Court has stated:
As to a motion for a new trial, the trial judge should set aside the jury's verdict only when, in the exercise of his sound discretion, he is convinced that the verdict is contrary to the substantial weight of the evidence; this Court will not reverse unless convinced the verdict is against the substantial weight of the evidence.
Id. (quoting Russell v. State, 506 So.2d 974, 977 (Miss.1987)).
¶ 17. The lower court has the discretionary authority to set aside the jury's verdict and order a new trial only where the court is "convinced that the verdict is so contrary to the weight of the evidence that to allow it to stand would be to sanction an unconscionable injustice." Roberts v. State, 582 So.2d 423, 424 (Miss.1991) (citations omitted). Based on the record before us, suffice it to say that the evidence was sufficient to allow the case to go to the jury, and the jury's verdict was not against the overwhelming weight of the evidence. These assignments of error are without merit.

III.

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
¶ 18. Prior to trial Wallace moved for a suppression of all evidence seized pursuant to the searches of 1718 Gibraltar Drive, and rooms 218 and 220. At the suppression hearing the defense admitted that it had no standing to object to evidence seized at 1718 Gibraltar Drive. The defense did claim to have standing to object to the search of rooms 218 and 220. The defense's contention at the hearing was that the search of 1718 Gibraltar Drive was defective, and since it was that search which resulted in the discovery and search of rooms 218 and 220 all evidence obtained from the search of the motel rooms should be suppressed as "fruit of the poisonous tree." Judge William Barnett having been appointed to sit for the suppression hearing, ruled that Wallace had no standing to complain about the searches of 1718 Gibraltar Drive or room 220. Judge Barnett also denied the motion to suppress evidence found in room 218. On appeal, Wallace argues that the warrant for 1718 Gibraltar Drive was defective thus making any warrants based on evidence obtained therefrom defective.
¶ 19. There were three search warrants in this case, one for 1718 Gibraltar Drive and two for the rooms at the Econo Lodge. With regard to the search of the residence on Gibraltar Drive, Wallace admitted at the suppression hearing that he had no standing to complain of the search of the house. Furthermore at the suppression hearing, Wallace made no attempt to present evidence upon which a claim of standing in the residence could be based. Wallace never claimed he owned or possessed the premises on Gibraltar Drive nor did he claim any expectation of privacy at the residence. As such, Wallace cannot now complain about the search of the house or evidenced seized from the house. As our supreme has held "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment *944 rights infringed." Turner v. State, 573 So.2d 657, 665 (Miss.1990). See also Hopson v. State, 625 So.2d 395, 401 (Miss. 1993); Waldrop v. State, 544 So.2d 834, 837 (Miss.1989).
¶ 20. Wallace had no standing. Accordingly, the evidence seized as a result of the search of the house was properly introduced into evidence. As stated above, the evidence obtained at the house standing alone was sufficient to convict Wallace of possession of cocaine. Furthermore, possession of cocaine was the only crime of which Wallace was found guilty. Therefore, whether or not the warrants for the search of rooms 218 and 220 were defective or not is moot.
¶ 21. However, even considering this issue on the merits, Wallace's argument fails. In a case where evidence obtained in a search can properly be introduced at trial, it follows that it can also properly be used to validate a search warrant. In the case sub judice, the evidence found at the house could be and properly was introduced at trial; therefore, the evidence could also properly be used to validate the search warrants for rooms 218 and 220. The evidence obtained as a result of the search of rooms 218 and 220 was not "fruit of the poisonous tree." The evidence seized from rooms 218 and 220 came from valid search warrants premised on evidence of which Wallace had no right to object. Since valid search warrants based on probable cause existed for rooms 218 and 220 and since the evidence seized was not "fruit of the poisonous tree" the evidence obtained therefrom could properly be introduced at trial.
¶ 22. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, KING, LEE, PAYNE, AND SOUTHWICK, JJ., CONCUR.
IRVING, J., CONCURS IN RESULT ONLY.