■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAILY, Appellant. [731 NYS2d 357] —Judgment, Supreme Court, New York County (James Yates, J., at hearing; Charles Tejada, J., at jury trial and sentence), rendered November 5, 1998, convicting defendant of robbery in the first and second degrees, attempted robbery in the first degree (two counts), attempted robbery in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to two concurrent terms of 6 to 12 years, consecutive to five concurrent terms of 3½ to 7 years, unanimously affirmed.

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 759, 761). The accomplice's statements admitting his own criminal activity and implicating defendant were against the accomplice's penal interest and provided probable cause for defendant's arrest (*see, People v McCann*, 85 NY2d 951, 953). The reliability of the accomplice's statements was further established by information independently verified by the police (*People v Comforto*, 62 NY2d 725, 727; *People v Calise*, 256 AD2d 64, *lv denied* 93 NY2d 851). The hearing record, including defendant's testimony, supports the court's finding that there was no violation of *Payton v New York* (445 US

573). The evidence clearly establishes that defendant consented to the police entry into his apartment, and his claim that he merely submitted to the authority of the police officers is contradicted by his own hearing testimony. Concur—Tom, J. P., Andrias, Wallach and Buckley, JJ.