798 So.2d 624 (2001)
Frank McCOLLINS a/k/a Frank Earl McCollins, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-00313-COA.
Court of Appeals of Mississippi.
October 23, 2001.
*626 Helen Bagwell Kelly, Adam A. Pittman, Batesville, Attorneys for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, and IRVING, JJ.
KING, P.J., for the Court:
¶ 1. Frank McCollins a/k/a Frank Earl McCollins was found guilty in the Circuit Court of Panola County, Mississippi of possession of cocaine. He was sentenced to serve a term of three years in the custody of the Mississippi Department of Corrections. Additionally, McCollins was ordered to pay a fine of $2,000, a laboratory fee in the amount of $250, and all court costs. Aggrieved by his conviction, McCollins has appealed and raised the following issues:

I. Whether he received ineffective assistance of counsel.

II. Whether the trial court committed plain error in allowing certain drugs into evidence.

FACTS
¶ 2. On February 23, 1998, Trooper Dennis Weaver of the Mississippi Highway Safety Patrol was driving on Highway 6 in Batesville, Mississippi when he saw a green Camaro driving in front of him. Trooper Weaver stated that the Camaro appeared to have tinted windows which were darker than allowed by law. According to Trooper Weaver, upon passing the vehicle, he noticed a crack on the front windshield of the Camaro which in his opinion would cause it to fail a safety inspection.
¶ 3. Trooper Weaver communicated by radio with Sergeant Dennis Darby, also with the Mississippi Highway Safety Patrol. After their communication, Sergeant Darby followed the Camaro and turned his blue lights on, which caused the driver of the Camaro to pull over to the shoulder. The driver then exited and met Trooper Darby at the rear of the vehicle. Trooper Weaver then approached the scene. Trooper Weaver testified that when he approached the vehicle, he saw the passenger, McCollins, with his hands below the dashboard. Trooper Weaver opened the door and asked McCollins to place his hands on the dashboard.
¶ 4. Trooper Weaver noticed two plastic bags between the passenger seat and the door. Once Trooper Weaver discovered the plastic bags which contained rock-like substances, he told Sergeant Darby to arrest the driver. After Sergeant Darby placed the driver under arrest, Weaver placed McCollins under arrest. Upon searching McCollins for any contraband or weapons, Sergeant Darby found a clear bag of yellow, rock-like substance in his right sock.
¶ 5. The items seized were determined by the Mississippi Crime Laboratory to be crack cocaine.

ISSUES AND ANALYSIS

I.

Did McCollins receive ineffective assistance of counsel?
¶ 6. McCollins contends that he received ineffective assistance of counsel at trial. He contends that the drugs recovered by the officers should have been excluded. Although McCollins was neither the owner nor driver of the vehicle, he *627 argues that the officers lacked probable cause to search the vehicle and the reasons given at trial for stopping the vehicle, over-tinted windows and searching McCollins for the possible existence of a weapon, were pre-textual in nature. He contends that the failure to effectively exclude the drugs was the result of the ineffective assistance of counsel.
¶ 7. To establish an ineffective assistance of counsel claim, McCollins must show (1) a deficiency of counsel's performance that is (2) sufficient to constitute prejudice to his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Walker v. State, 703 So.2d 266, 268 (Miss.1997). McCollins has failed to establish these elements.
¶ 8. The State introduced into evidence drugs allegedly found within the vehicle between the passenger seat and the door, and within McCollins' sock. McCollins defended this action by declaring the drugs found between the passenger seat and the door were not his, and there were no drugs found upon his person.
¶ 9. A person seeking suppression of evidence must establish or at least acknowledge a nexus between himself and the evidence sought to be suppressed. Robinson v. State, 219 So.2d 916, 919 (Miss.1969). If he fails to demonstrate that nexus, he lacks standing to pursue the motion to suppress. Id. Because McCollins defended this case by claiming the drugs found between the passenger seat and the door were not his, and claiming that there were no drugs found on him, he clearly lacked standing to challenge the admissibility of this evidence.
¶ 10. However, accepting arguendo his status to challenge admissibility, the failure to seek suppression of the evidence would not be inconsistent with his defense that the drugs in the car did not belong to him, and that no drugs were found upon his person.
¶ 11. Objections or lack of objections to the introduction of evidence may be considered part of an attorney's trial strategy. With respect to the overall performance of McCollins' attorney, it is counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections which fall within the ambit of trial strategy. DeSalvo v. State, 776 So.2d 704 (¶ 27)(Miss.Ct.App.2000).
¶ 12. In reviewing a claim of ineffective assistance of counsel, the benchmark is not what this Court might have done if acting as counsel, but rather whether counsel fairly and adequately put before the jury defendant's theory of defense. Hall v. State, 735 So.2d 1124 (¶¶ 5-7) (Miss.Ct.App.1999).
¶ 13. As previously noted the lack of objection to the introduction of the drug evidence was not inconsistent with McCollins' theory of defense. Additionally, the record reflects that McCollins, through the questioning of his attorney, fairly and adequately stated his defense.
¶ 14. McCollins also suggests that his attorney should have objected to the introduction of the drug evidence based upon a lack of probable cause to stop the vehicle, and its resulting lack of probable cause to search the vehicle. McCollins claims that the stated reasons for stopping the vehicle were purely pretextual, and resulted in an illegal search.
¶ 15. It is significant that McCollins did not contest whether the window tint was excessive or whether the windshield had a crack, which rendered it a safety hazard. It must therefore be concluded that the officer's testimony on this *628 issue was accepted as factual. These things constituted valid reasons for stopping the vehicle in which McCollins was a passenger.
¶ 16. There is no requirement that an officer issue a citation for the predicate traffic violation to have a valid stop or search. Floyd v. City of Crystal Springs, 749 So.2d 110 (¶ 24) (Miss.1999).
¶ 17. McCollins contends that the officers had no probable cause to search the vehicle and the evidence seized as a result of the subsequent search should not have been allowed into evidence. When an officer makes a traffic stop, he may take reasonable precautions to ensure his safety. Dees v. State, 758 So.2d 492 (¶ 9) (Miss.Ct.App.2000). If in taking those reasonable precautions, the officer sees contraband, and makes an arrest, he may, incident to that arrest, conduct a search of the vehicle. Townsend v. State, 681 So.2d 497, 502 (Miss.1996). Having determined that an illegal substance was in plain view, the officers made an arrest, and were entitled to search the vehicle. Conway v. State, 397 So.2d 1095, 1098 (Miss. 1980).
¶ 18. McCollins also asserts that his attorney should have objected or attempted to limit the introduction of the evidence which was obtained due to an illegal search. A person, such as McCollins, who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. Wallace v. State, 741 So.2d 938 (¶ 19)(Miss.Ct.App.1999). As a passenger, McCollins had no reasonable expectation of privacy which would give him standing to bring such a claim. White v. State, 571 So.2d 956, 958-59 (Miss.1990).
¶ 19. McCollins has not provided evidence which suggests that his attorney's trial strategy would fail the Strickland test. He has also failed to establish that his rights were violated due to an unlawful search and seizure. This Court finds no error on this issue.

II.

Did the trial court commit plain error in allowing certain drugs into evidence?
¶ 20. McCollins contends that the trial court committed plain error by allowing certain drug evidence to be admitted without any objection by his attorney. The plain error doctrine is the vehicle whereby an error affecting the substantial rights of a defendant, but not brought to the attention of the trial court or an appellate court can be addressed. Grubb v. State, 584 So.2d 786, 789 (Miss. 1991). McCollins has failed to call to this Court's attention the impairment of any substantial right which should be addressed as plain error.
¶ 21. Accordingly, McCollins has failed to present evidence which suggests that the trial court has committed an error which results in a manifest miscarriage of justice. Therefore, this issue is without merit.
¶ 22. THE JUDGMENT OF THE PANOLA COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO SELL, BARTER, TRANSFER, DISTRIBUTE OR DISPENSE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND A FINE OF $2,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*629 McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.