The petitioners, Jimmy Lee Brooks, Jr., and Michael David Carruth, filed this petition for a writ of mandamus directing Judge George R. Greene to recuse himself from presiding over their capital-murder trials. *Page 397 
The petitioners were indicted on four counts of murder made capital because the victim, 12-year-old William Brett Bowyer, was less than 14 years of age and because the victim was murdered during the course of a kidnapping, burglary, and robbery. The petitioners were also indicted for the attempted murder of Butch Bowyer, William's father, and for robbery and burglary. Before the petitioners were arraigned, they moved for Judge Greene to recuse himself from the cases because in all likelihood he would be called as a witness for the State. Judge Greene denied the motion without allowing any argument from counsel. Brooks and Carruth then filed this petition for a writ of mandamus and moved that we stay the proceedings in circuit court. We granted the motion for a stay pending further action by this Court.
This case is correctly before this Court by way of this petition — mandamus is the appropriate method by which to review a ruling on a motion to recuse. See Ex parte Bryant, 682 So.2d 39 (Ala. 1996).
The State alleges that on February 17, 2002, Brooks and Carruth went to the Bowyer home posing as police officers and presented a search warrant purportedly signed by Judge Greene. After gaining entry into the home, Brooks and Carruth forced Butch Bowyer and his son Brett into their car and drove them to Yuchi Reservation in Russell County. The two then drove the victims back to the Bowyer home so that Butch Bowyer could get them money. The State alleges that Brooks and Carruth then took the two back to Yuchi Reservation, where they shot Brett in the head, cut Butch's throat, and buried the two in a shallow grave. The State alleges that Butch managed to dig himself out and reach the road where he was aided by a passing motorist.
Brooks and Carruth raise two issues in this mandamus petition. They argue that Judge Greene erred in failing to recuse himself from the case because, they argue, his impartiality might reasonably be questioned. Specifically, they argue that Judge Greene will most likely be called to testify concerning the authenticity of his alleged signature on the search warrant. The petitioners cite this Court's decision in Ex parteFowler, [Ms. CR-00-2513, November 2, 2001] ___ So.2d ___ (Ala.Crim.App. 2001), in support of this contention. The petitioners also argue that the trial court erred in denying the motion without first allowing them the opportunity to put evidence in the record. They assert that they are charged with capital offenses and that, if they are convicted, the failure of the trial court to allow them to make a record for the reviewing court will hinder the review of their case on appeal.
We stayed all action in the circuit court and allowed the respondents 21 days to answer the allegations in the petition. The State asserts that we should deny this petition because there has been no showing that Judge Greene will be called as a material witness.
Canon 3.C. of the Canons of Judicial Ethics addresses the circumstances in which a judge should recuse herself or himself from a case. This Canon, though not inclusive, lists the following situations:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) He has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
 "(b) He served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced *Page 398 
law served during such association as a lawyer in the matter, or the judge or such lawyer has been a material witness concerning it."
The State asserts that the petitioners cannot meet their burden of showing that Judge Greene should recuse himself merely by stating that he might be called as a witness. It contends that prior caselaw holds that a trial judge must be a material witness before he or she is obliged to recuse himself or herself from a case. It argues that Judge Greene is not a material witness because, it says, other witnesses can be called to testify about the authenticity of the signature. Callahan v. State,557 So.2d 1292 (Ala.Crim.App.), aff'd, 557 So.2d 1311 (Ala. 1989). We do not necessarily agree with the State's contention. Certainly, Judge Greene is the best and most logical person to testify to the authenticity of his own signature.
However, this case does not present a fact situation governed by Canon 3.C.(1)(b), but rather a situation governed by Canon 3.C.(1)(a) — a case where the trial judge has personal knowledge of disputed evidentiary facts. By virtue of the fact that Judge Greene's name was contained on the alleged search warrant, Judge Greene is in the position of having personal knowledge of the truth or falsity of the warrant. Brooks and Carruth are charged with four counts of capital murder — one count of murder during a burglary. It is necessary for the State to present evidence concerning their method of gaining entry into the Bowyer home. Judge Greene has personal knowledge of the unlawfulness of the petitioners' entry into the Bowyer house. Though our research has revealed no Alabama case that specifically addresses the definition of "personal knowledge of disputed evidentiary facts," we believe that personal knowledge of an element of the charged offense is sufficient to satisfy this definition.
As the Alabama Supreme Court stated in Ex parte Bryant, 682 So.2d 39,41 (Ala. 1996):
 "The standard for recusal is an objective one: whether a reasonable person knowing everything that the judge knows would have a `reasonable basis for questioning the judge's impartiality.' [Ex parte] Cotton, 638 So.2d [870] at 872 [(Ala. 1994)]. The focus of our inquiry, therefore, is not whether a particular judge is or is not biased toward the petitioner; the focus is instead on whether a reasonable person would perceive potential bias or a lack of impartiality on the part of the judge in question. In In re Sheffield, 465 So.2d 350, 357 (Ala. 1984), this Court wrote:
 "`[T]he reasonable person/appearance of impropriety test . . . may "sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties." In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed.2d 942 (1955). As stated in Canon 1 of the Code of Judicial Ethics, "An independent and honorable judiciary is indispensable to justice in our society," and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal.'"
Recusal is necessary if "another person, knowing all of the circumstances, might reasonably question the judge's impartiality." Exparte Duncan, 638 So.2d 1332, 1334 (Ala.), cert. denied, 513 U.S. 1007
(1994).
Brooks and Carruth have been charged with four counts of capital murder and they face the death penalty. In keeping with the words of the Alabama *Page 399 
Supreme Court in Bryant, we must resolve all reasonable doubt in favor of recusal. 682 So.2d at 41. Because of Judge Greene's personal knowledge of the case, he should recuse himself from any further involvement in Brooks's and Carruth's capital-murder trials.
For the reasons stated above, this petition is due to be, and is hereby, granted.
PETITION GRANTED; WRIT ISSUED; STAY LIFTED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
Shaw, J., concurs in the result.