PER CURIAM.
The petitioner, Jimmy Lee Brooks, Jr., filed this petition for a writ of mandamus directing Judge Albert L. Johnson to re-cuse himself from Brooks’s capital-murder trial.
Brooks and his codefendant, Michael David Carruth,[1] were indicted for four counts of murder made capital because the victim, 12-year-old William Brett Bowyer, was less than 14 years of age and because the victim was murdered during the course of a kidnapping, burglary, and robbery. Brooks was also indicted for the attempted murder of Butch Bowyer, William’s father. Judge George Greene was originally assigned to preside over his case. However, Brooks filed a petition for a writ of mandamus requesting that we direct Judge Greene to recuse himself because his name was on the supposedly false search warrants that Brooks, posing as a police officer, allegedly used to gain entry into the Bowyer house. We issued the writ and directed Judge Greene to recuse himself from the case. See Ex parte Brooks, 847 So.2d 396 (Ala.Crim.App.2002). The case was then reassigned to Judge Johnson. Brooks then moved for Judge Johnson to recuse himself because he had signed the search warrant pursuant to which evidence against Brooks was obtained. Judge Johnson denied the motion; this petition followed.
Brooks argues that we should direct Judge Johnson to recuse himself from Brooks’s capital-murder trial because he will be called upon to examine the sufficiency of the affidavit in support of the search warrant — a warrant he has already approved. He cites our case of Ex parte Fowler, [Ms. CR-00-2513, .November 2, 2001] - So.2d - (Ala.Crim.App.2001) (pending on certiorari review), in support of his argument that we should direct Judge Johnson to recuse himself because, he says, his presiding creates an appearance of impropriety.
This Court has addressed a similar issue and stated:
‘“Judges repeatedly issue arrest warrants on the basis that there is probable cause to believe that a crime has been committed and that the person named in the warrant has committed it. Judges also preside at preliminary hearings where they must decide whether the evidence is sufficient to hold a defendant for trial. Neither of these pretrial involvements has been thought to raise any constitutional barrier against the judge’s presiding over the criminal trial and, if the trial is without a jury, against making the necessary determination of guilt or innocence.’
*595 “Withrow v. Larkin, 421 U.S. 35, 56, 95 S.Ct. 1456, 1469, 43 L.Ed.2d 712 (1975).
“ ‘A trial judge’s participation in a previous proceeding in a case does not ipso facto render him disqualified to preside at trial. A judge is not disqualified to sit in a trial on the merits by-having heard and decided a preliminary proceeding in the same cause. So, the fact that he conducted the preliminary examination which resulted in the prosecution of the accused does not, in the absence of any showing as to any personal bias or prejudice, disqualify him from presiding at the trial. Nor is a judge disqualified to try a criminal case because he had ordered the grand jury which indicted the defendant, and had presided throughout the grand jury proceedings, and had passed on numerous preliminary motions.’
“46 Am.Jur.2d Judges § 181 (1969).
“Thus, absent a showing of prejudice, an issuing magistrate may properly serve as the trial judge on the same cause.”
Heard v. State, 574 So.2d 873, 874-75 (Ala.Crim.App.1990).
Our holding in Heard is consistent with the majority of other jurisdictions that have specifically addressed this issue. The Mississippi Court of Appeals, in Wallace v. State, 741 So.2d 938 (Miss.Ct.App.1999), summarized the holdings of other jurisdictions on this issue:
“The question of whether a judge is automatically disqualified from hearing a case simply because he learned some of facts and circumstances of the case by signing a search warrant has never specifically been addressed by our supreme court. However, a review of other jurisdictions has turned up considerable authority that recusal is not required.
“In Stokes v. State, 853 S.W.2d 227, 242 (Tex.App.1993) (citations omitted [in Wallace]), the court noted that it has been held in numerous Texas cases ‘that the mere fact that a judge authorized arrest and search warrants involved in a case is not a barrier to that judge presiding over the trial of that case on its merits.’ In Bussell v. Commonwealth, 882 S.W.2d 111, 112 (Ky.1994) (citations omitted [in Wallace]), the court found to be without merit appellant’s claim that the trial judge should have recused himself because he had ruled on an ex parte request for a search warrant, holding that ‘[rjecusal is appropriate only when the information is obtained from an extrajudicial source.’ Finally, in People v. McCann, 85 N.Y.2d 951, 626 N.Y.S.2d 1006, 650 N.E.2d 853, 854 (1995), the court held that it was not necessary for a judge who issued a warrant to recuse himself even from ruling on the motion to suppress evidence seized pursuant to that warrant. See also People v. DeJesus, 38 Cal.App.4th 1, 15-16, 44 Cal.Rptr.2d 796 (1995).”
741 So.2d at 941-42. People v. Antoine, 335 Ill.App.3d 562, 781 N.E.2d 444, 269 Ill.Dec. 647 (2002) (fact that a judge signed a search warrant is not alone sufficient to show prejudice so as to warrant the judge’s recusal); Holloway v. State, 293 Ark. 438, 738 S.W.2d 796 (1987) (Canon 3(C)(1)(a) of the Code of Judicial Ethics does not require a judge who signed the search warrant to recuse himself or herself from presiding over the case); Hawkins v. State, 586 S.W.2d 465 (Tenn.1979) (judge who signed the search warrant is not so interested in the cause as to be disqualified from presiding over further proceedings); People v. Tambe, 71 N.Y.2d 492, 506, 527 N.Y.S.2d 372, 379, 522 N.E.2d 448, 455 (1988) (“There is no basis to conclude that [judges who issue warrants and then rule on suppression motions] fail to give sup *596 pression motions anything less than fair and impartial consideration....”).
Any other conclusion would be unduly burdensome and virtually impossible for many smaller counties, such as the one involved in this case, to enforce. The Mississippi Supreme Court also recognized the problems associated with the holding urged by the petitioner when that Court stated:
“ ![I]f we should hold that a trial judge is disqualified merely because he has previously presided at the trial of a case involving the same evidence and transaction, then it would be necessary for him to stand aside and turn the duties of his office over to a special judge in every case in which there has been a mistrial, in every case where on appeal a new trial has been ordered, in every case where he himself has granted a new trial, and in every case growing out of the same transaction or based upon the same facts. The Legislature has not so enacted and we decline to adopt such a rule.’ ”
Farmer v. State, 770 So.2d 953, 957 (Miss.2000), quoting Garrett v. State, 187 Miss. 441, 455, 193 So. 452, 456 (1940).
Alabama courts have never held that a judge should disqualify himself or herself because of a prior involvement in a case in a judicial capacity. Neither does our holding in Fowler, supra, suggest otherwise. See Giles v. State, 554 So.2d 1073 (Ala.Crim.App.1984), rev’d on other grounds, 554 So.2d 1089 (Ala.), on remand, 554 So.2d 1094 (Ala.Crim.App.1987) (trial judge was not required to recuse himself in second capital-murder trial after judgment in first trial was reversed); Murphy v. State, 403 So.2d 314 (Ala.Crim.App.), cert. denied, 403 So.2d 316 (Ala.1981) (trial judge who presided over the district-court hearing to transfer juvenile for trial as an adult was not required to recuse himself from presiding over the juvenile’s capital-murder trial).
The issue presented in this case is unlike the situation that we addressed in the previous petitions filed by Brooks and his codefendant Carruth. Ex parte Brooks, supra. We issued the writs in those petitions because the judge assigned to the case had direct personal knowledge of the facts and elements of the offenses — knowledge not gained in his judicial capacity.
This petition fails to disclose any reason for Judge Johnson to recuse himself from presiding over Brooks’s capital-murder trial. The mere fact that Judge Johnson signed the search warrant used to obtain evidence against Brooks is not alone sufficient to warrant Judge Johnson’s recusal. This petition is due to be, and is hereby, denied.
PETITION DENIED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.

. Carruth also filed a petition for a writ of mandamus directing Judge Johnson to recuse himself from presiding over Carruth’s case. Carruth alleged that Judge Johnson showed bias toward the owner of a bonding company — Carruth's ex-wife. We are today denying Carrath's petition without opinion.