People v Davis (2020 NY Slip Op 03606)





People v Davis


2020 NY Slip Op 03606


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Friedman, J.P., Richter, Gesmer, Oing, Singh, JJ.


11704 1684/12

[*1] The People of the State of New York, Respondent,
v
Dominick Davis, Defendant-Appellant.


Office of The Appellate Defender, New York (Christina A. Swarns of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Matthew B. White of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ethan Greenberg, J.), rendered January 12, 2016, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to consecutive terms of 25 years to life and 10 years, unanimously affirmed.
The court properly denied defendant's motion to suppress his postarrest statements. The police had probable cause to arrest defendant based on a codefendant's statement that possessed ample indicia of reliability, in that it was generally against the codefendant's penal interest and was corroborated in numerous significant details by police investigation (see People v Berzups, 49 NY2d 417, 427 [1980]); People v Daily, 287 AD2d 293 [1st Dept 2001], lv denied 97 NY2d 680 [2001]). We need not decide whether the police needed a warrant for pinging (electronically locating) defendant's phone, which led to his apprehension, because the record supports each of the hearing court's alternative bases for denying suppression, that is, that the warrantless pinging was justified by exigent circumstances (see People v Lamb, 164 AD3d 1470, 1471 [2d Dept 2018], lv denied 32 NY3d 1206 [2019]), and that defendant's statements were sufficiently attenuated from any preceding illegality (see People v Bradford, 15 NY3d 329, 333-335 [2010]).
Defendant's contention that his attorney was ineffective for failing to move to reopen the suppression hearing based on new information is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
The court lawfully imposed consecutive sentences for murder and weapon possession, because the evidence established that defendant completed the weapon possession crime before [*2]forming the intent to use the weapon in the robbery that resulted in the
victim's death (see People v Brown, 21 NY3d 739, 752 [2012]). We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK